MARY BROWN, Appellee, *vs.* WILLIAM SUNDERLAND, Appellant.

*Opinion filed October 25, 1911.*

1. SPECIFIC PERFORMANCE—*there must be mutuality of obligation as well as mutuality of remedy.* There must be mutuality of obligation as well as mutuality of remedy before a court of equity will specifically enforce a contract for the sale of real estate.

2. SAME—*when no right to specific performance exists.* An agreement between the heirs of an estate that the real estate belonging to the estate be sold as soon as practicable, upon the best terms and price obtainable, "such price and terms to be agreed upon by the parties hereto or a majority of them," does not confer upon one heir, who purchases the interests of all of the other heirs but one at a uniform price, the right to compel the other heir to sell her interest to him at that price.

3. PARTITION—*owner in fee of undivided interest in land may demand partition.* The owner in fee of an undivided interest in land may, as a matter of right, demand partition as against other adult owners.

4. SAME—*obligations of an estate should be borne by shares set off to the several owners.* The claims and legal obligations against the estate sought to be partitioned should be borne by the shares

set off to the several owners, or, in case of a sale of the land, should be paid from the fund; but provision to that effect may be made by the confirmatory decree and need not be contained in the decree for partition.

APPEAL from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

W. G. CLOYD, for appellant.

HICKS & DOSS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Piatt county by the appellee, Mary Brown, against the appellant, William Sunderland, for the partition of the west half of the south-west quarter of section 34, township 17, range 6, east of the third principal meridian, in Piatt county, Illinois. An answer and replication were filed and the appellant filed a cross-bill, to which a demurrer was sustained, and the appellant having stood by his cross-bill, the case was referred to the master to take the proofs and report his conclusions. The master having filed a report, a decree was entered, in accordance with the prayer of the bill, for the partition of the premises, from which decree this appeal has been prosecuted.

It appears from the record that Martin Sunderland departed this life intestate on May 17, 1909, seized in fee of said premises, and left him surviving as his sole heirs-at-law, Ebon Sunderland, George Sunderland, William Sunderland, Mary Brown, Eliza A. Bettner and Martha D. Greene; that on the 21st day of May, 1909, an agreement in writing was entered into between the children of said Martin Sunderland, whereby it was agreed, among other things, "that the real estate belonging to said estate shall be sold as soon as practicable, on the best terms and for the best price reasonably attainable, such price and terms

to be agreed upon by the parties hereto or a majority of them, and on such sale being made, each of said parties, and their respective husbands and wives, to join in the conveyance of said premises;" that subsequent to the date of the said agreement William Sunderland was appointed administrator of the estate of Martin Sunderland; that thereafter William Sunderland purchased the interest of Ebon Sunderland, George Sunderland, Eliza A. Bettner and Martha D. Greene for $127.50 per acre and received deeds of conveyance for their interests in said premises, so that, as alleged in the bill, Mary Brown was the owner in fee of the undivided one-sixth part and William Sunderland was the owner in fee of the undivided five-sixths part of said premises at the time the bill was filed; that William Sunderland was in possession of the said premises as tenant at the time of the death of Martin Sunderland, and claimed to be in possession as owner at the time the bill was filed.

The position of the appellant is, that a majority of the heirs of Martin Sunderland having agreed to sell him their interests in the premises for $127.50 per acre by virtue of the agreement hereinbefore referred to, he is entitled to have Mary Brown convey to him her interest in the said premises at the same price, and that is the object of his cross-bill, and that, in any event, Mary Brown is not entitled to have the said premises partitioned between herself and William Sunderland. We do not think this position is tenable. The agreement clearly does not contemplate the premises should be sold to William Sunderland or either of said heirs, as the effect of such construction would be to make William Sunderland a purchaser at his own sale. Neither does the agreement contemplate that less than the whole of said premises should be sold, and the most that William Sunderland can legitimately claim is, that he purchased four-sixths of said premises from four of the heirs, and that by reason of such purchase he is entitled to a de-

cree requiring Mary Brown to convey to him her interest in said premises. There must be mutuality of obligation as well as mutuality of remedy before a court of equity will entertain a bill for the specific performance of a contract for the sale of real estate. (*Justice* v. *Lange,* 42 N. Y. 509; *United States* v. *Noe,* 64 U. S. 23.) The appellee could not, by a bill in chancery, have required William Sunderland to purchase her interest in the farm, and as he was not bound to purchase her interest at $127.50 per acre, he could not require her to convey to him her interest in the farm at that price or at any price. We think, therefore, it is manifest that appellant could not maintain his cross-bill, as there was no ground upon which to base a decree for specific performance as against the appellee.

It is undisputed that the appellee was the owner in fee of the undivided one-sixth part of said premises at the time she filed her bill. She therefore clearly had the right to a decree for partition. *Hall* v. *Gabbert,* 213 Ill. 208.

It is said the decree should have provided for the payment of any claims and legal obligations against the estate of Martin Sunderland which could be enforced against the interest of appellee in said land. This is true. In case the premises are partitioned the shares set off to the several owners should by the confirmatory decree bear these burdens, and in case of a sale of the premises enough of the proceeds of the sale should be set aside as a fund from which to pay such claims and obligations. It was not, however, necessary that such provision be contained in the decree for partition.

Finding no reversible error in this record the decree of the circuit court will be affirmed.

*Decree affirmed.*