(No. 15272.—Reversed and remanded.)

HUGO F. ARNOLD, Trustee, Appellee, *vs.* EMILY ARNOLD *et al.*—(HERMAN ARNOLD, Appellant.)

*Opinion filed April 18, 1923—Rehearing denied June 14, 1923.*

1. PARTITION—*equity will not award partition in violation of complainant's agreement.* As a general rule an adult tenant in common has an absolute right to partition, but equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one from whom he claims, or where partition would be contrary to equitable principles.

2. SAME—*verbal agreement may be sufficient to deprive complainant of right to partition.* Under the rule that equity will not decree partition in violation of the complainant's own agreement such an agreement may be verbal if it has been acted upon, and it need not be expressed but will be readily implied and enforced if necessary to the protection of the parties.

3. SAME—*when a decree should either protect rights of parties under leases or dismiss bill.* A decree in a partition suit should not assume that actual partition of city property cannot be had because of the existence of leases, conditions and party-wall agreements, but it should direct partition so as to preserve the respective

rights of the parties under the leases and agreements, and where the complainant is a party to such leases or agreements, the effect of which is to confuse the question of title and prevent the public, generally, from bidding at a sale, the bill must be dismissed if actual partition, subject to the agreements, cannot be had.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

HARRIS F. WILLIAMS, for appellant.

McGOORTY, SILBER, ISAACS & WOLEY, for appellee.

SMITH & WALLACE, for Sophie Arnold *et al.*

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Herman Arnold, Theodor Arnold and Adolph Arnold were brothers, and owners, as tenants in common, of lots in Canal Trustees' subdivision in Chicago known as Nos. 658, 660, 662, 664, 668, 670, 669 and 671 West Randolph street. Theodor died on March 6, 1903, and by his will devised his one-third interest to his wife, Sophie, for life with remainder to his six daughters. On January 31, 1910, Herman leased to Adolph his undivided one-third interest for a term of twenty-five years, with additional privileges hereinafter stated. Adolph died on August 6, 1912, leaving a last will and testament, in which the appellee, Hugo F. Arnold, was named as executor and trustee. Hugo, as trustee of the leasehold in one-third, and Sophie, the life tenant, made leases of parts of the lots. Hugo filed his bill in this case in the superior court of Cook county praying for partition of the lots, and making Herman, the appellant, and others interested as devisees, heirs-at-law, next of kin and tenants, defendants. Herman, Sophie, owner of the life estate under the will of her husband, Theodor, and the six daughters, who had the remainder in fee in that share, filed answers denying the right of the appellee to partition, and there were answers by tenants and others interested, setting

up their rights. The issues were referred to a master in chancery, who took the evidence and made his report finding the rights and titles of the respective parties and recommending a decree for partition as prayed for in the bill. On a hearing of exceptions of Herman to the master's report the exceptions were overruled and a decree was entered finding an undivided one-third interest in the appellee as trustee and the leasehold interest in the one-third of Herman, finding one-third in Herman subject to the lease, a life estate in the remaining one-third in Sophie, and an undivided one-eighteenth in the remainder, after the life estate, in each of the six daughters. The decree appointed commissioners to make partition, and if actual division and partition could not be made without manifest prejudice, directed them to value each piece or parcel separately. The decree then provided that the question of further liens and charges by reason of contractual rights or interests between the parties or for moneys advanced by any of the parties, expenses connected with the suit and solicitors' fees, and the ultimate distribution of the proceeds of the sale, should be reserved to the further consideration and determination of the court if there should be a sale. From that decree this appeal was prosecuted.

Herman Arnold, appellant, has assigned errors, and Sophie Arnold, owner of the life estate, and her daughters vested with the remainder, have assigned cross-errors. In both the assignment of errors by Herman and the cross-errors assigned, practically the same questions are raised, and the principal argument is that the complainant was not entitled to partition because of the lease from Herman and the leases and agreements of the complainant and Sophie and the condition of the property in other respects.

It has been said in general terms that an adult tenant in common has an absolute right to partition, (*Hill* v. *Reno,* 112 Ill. 154; *Ames* v. *Ames,* 148 id. 321;) but it has been in cases where there was neither an equitable nor

legal objection to the exercise of the right and partition was in accordance with the principles governing courts of equity. Wherever any interest inconsistent with partition has been involved, the general rule has always been qualified by the statement that equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one from whom he claims, or where partition would be contrary to equitable principles. Partition will not be awarded in a court of equity where there has been an agreement either not to partition, or where the agreement is such that it is necessary to secure the fulfillment of the agreement that there should not be a partition. Such an agreement may be verbal if it has been acted upon, and it need not be expressed but will be readily implied and enforced if necessary to the protection of the parties. *Martin* v. *Martin,* 170 Ill. 639; *Bissell* v. *Peirce,* 184 id. 60; *Ingraham* v. *Mariner,* 194 id. 269; *Seals* v. *Treatch,* 282 id. 167; *Hill* v. *Reno, supra.*

The courts have not all been agreed as to whether a reversion may be partitioned, the decisions, perhaps, in some cases depending upon statutory provisions as to the nature of an estate subject to partition, but this court has held that the mere existence of a lease is not a sufficient reason why partition cannot be had. (*Blakeslee* v. *Blakeslee,* 265 Ill. 48; *Hill* v. *Reno, supra.*) This case is not like any one which has been considered in that respect, because the contract of Herman Arnold with Adolph Arnold was not a mere lease but gave rights and created obligations not given to or imposed upon lessees. The lots are all improved with and entirely covered by buildings. The lease from Herman to Adolph was for twenty-five years and would expire on January 31, 1935. The yearly rental was $6000, to be paid in monthly installments of $500 each, together with water rates, taxes and assessments, general and special. Adolph was to have the right to change or

remodel the buildings or any of them, to have the right to tear down, wreck and demolish the buildings, or any of them, either then or thereafter during the continuance of the lease erected on the lots or any part thereof, provided he should erect buildings on the lots equal in value to the building or buildings torn down, wrecked or demolished. All buildings and improvements, except trade fixtures, were to become a part of the real estate and pass to the owners of the fee at the termination of the lease, and the provisions, conditions, covenants and agreements were to extend to and be binding upon the heirs, executors, administrators, assignees, devisees and grantees of the parties. Adolph in his own right as owner of an undivided one-third and as lessee of one-third, and Sophie, owner of the life estate in one-third under the will of her husband, leased on June 28, 1910, to the Sheppard-Strassheim Company lots and parts of lots improved with seven-story brick buildings, and two floors in the rear of a five-story-and-basement brick building, for sixteen years and seven months, the term ending April 30, 1927. On the same day Adolph in the same rights, and Sophie, the life tenant, made a lease for sixteen years and seven months to Arnold Bros., a corporation, of several lots, the term also ending April 30, 1927. There were numerous party-wall agreements and conditions created by agreements entered into respecting the property. The daughters of Sophie, who were vested with a remainder, ratified her action in joining in the leases to Arnold Bros. and the Sheppard-Strassheim Company and authorized her to make future leases in the same behalf. Arnold Bros. leased different buildings to sub-tenants, and the complainant, as trustee, also leased a building to tenants. The various tenants set up their rights, which must be respected, and if there is partition it must be made in such a way as not to interfere with such rights.

The agreements of the tenants in common, or by which they are bound, would estop each one from asking a court

308—24

of equity to enforce a right, otherwise existing, inconsistent with such agreements, and there is force in the argument that any change in the title during the terms of the agreements would be inconsistent with them. It does not appear to us, however, that partition cannot be made preserving the rights of all parties without the violation of any agreement. If there can be a partition, in fact, in such a way as to preserve the rights of all the parties perhaps there is no lawful objection to such partition, but in providing for it, it was the duty of the court, by its decree, to not only set forth the rights, titles and interests of all the parties, but to so direct partition as to conserve the respective interests of each. (*Cheney* v. *Ricks,* 168 Ill. 533.) It appears from the statements and arguments of counsel to be contemplated that there cannot be any partition and the proceeding is to result in a sale. This is plainly indicated by the decree reserving the rights and interests of the parties to be determined in distributing the proceeds of sale instead of leaving such matters to be determined in a decree confirming a partition, which would have been unobjectionable. (*Brown* v. *Sunderland,* 251 Ill. 523.) The decree gave no direction for partitioning the premises so as to preserve the respective rights of the parties under leases and agreements to which the partition must be subject, and it must be reversed for that reason.

If there cannot be a partition in fact, it is perfectly manifest that there cannot be a sale of the property, which would not only be plainly inconsistent with the leases and agreements of the parties and of the property but disastrous to substantial rights and interests. The contract, or lease, as it is called, between Herman and Adolph Arnold is of such a nature that the purchaser of the reversion would have no means of knowing whether at the termination of the contract, in 1935, he would have factory buildings, store buildings, residences or apartments for rent. The conditions are such that the public, generally, would not be likely

to bid at a sale. This is one of the objections to a sale as inconsistent with the agreements of the co-tenants, and other objections are apparent which ought to estop the complainant, under the principles of equity, from having a sale. The decree should have directed the partition in such a manner as to preserve the rights of all parties, and if partition, in fact, cannot be made, the bill must be dismissed.

The decree is reversed and the cause remanded.

*Reversed and remanded.*