(No. 26760.—

Ida D. Nagel, Appellee, *vs.* Della E. Kitchen *et al.,* Appellants.

*Opinion filed November 17, 1942.*

OTTO BAER, for appellants.

GEORGE D. SULLIVAN, and MITCHELL KILANOWSKI, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county entered in a partition suit. Plaintiff, Ida D. Nagel, and defendants, Della E. Kitchen and Gertrude B. Cummings, each owned as tenants in common an undivided one-third interest of three parcels of real estate located in the city of Chicago. The several parcels were improved and were rented for various purposes including office space, living apartments and business houses. The parties named are sisters and received the land by devise under their father's will. In February, 1932, they entered into a written agreement not to partition except by mutual written agreement of all the parties. This contract expired by its terms in February, 1935, and it was renewed for one year. In December, 1936, a third agreement not to partition except by mutual consent in writing of all the parties was signed. It ended by its terms September 30, 1938.

In May, 1940, plaintiff instituted this suit for partition. The defendants answered admitting the interests of the parties were correctly alleged but denied plaintiff was entitled to partition for the reason that plaintiff and defendants, prior to the filing of the suit agreed among themselves not to sell, assign, transfer or file a bill for partition unless by mutual consent of all parties. The master found the evidence failed to establish an agreement not to partition. Defendants' exceptions were overruled and a decree entered confirming the report and ordering partition. Defendants perfected an appeal to this court

and raise the single question as to whether the evidence sufficiently established an agreement not to partition.

Defendants contend the evidence shows an oral agreement not to partition. Defendant Della E. Kitchen, testified that in November, 1939, she had a conversation with plaintiff at plaintiff's home in regard to a lease of a part of one of the properties to a Mr. Kurtz. She testified: "Our conversation was in regard to the Kurtz lease. Mr. Kurtz wanted a new lease and we agreed to sign it and I went to the phone and called Mrs. Cummings and Mrs. Nagel called Mr. Croxton and talked to him. After that she asked me not to sell any property until that lease expired because the market was so low. * * * The entire conversation was not to sell the property until the market was higher and I stated so to Mrs. Cummings before and after and she agreed." Mrs. Cummings testified she had a conversation with Mrs. Kitchen in reference to the properties in November of 1939 but it wholly ·fails to identify anything that was said in reference to any agreement not to partition. Plaintiff denied any conversation with Mrs. Kitchen in reference to agreeing not to partition.

It has been held that where several tenants in common covenant among themselves that an estate shall not be partitioned but shall be held and enjoyed in common, a court will not, in the absence of special equities, award partition at the suit of one tenant in common against the objections of the others (*Hill* v. *Reno,* 112 Ill. 154;) but the evidence here fails to establish any such agreement. Mrs. Kitchen says plaintiff requested that the property be not partitioned, but there is nothing indicating that Mrs. Cummings agreed they should continue to hold the property as tenants in common.

The parties engaged H. W. Croxton & Co. as their agents to lease and manage the real estate in question. Such arrangement was made soon after the parties acquired title to the land several years prior to the filing of this suit. Croxton & Co. negotiated the terms of the va-

rious leases but the parties executed the leases. After the expiration of the contract not to partition in September, 1938, various leases were executed. A lease was given dated May 1, 1940, to expire April 30, 1943. Another was dated November 30, 1939, expiring in five years, and one dated November 29, 1940, expiring November 31, 1942.

Defendants contend that since plaintiff joined in the execution of the leases covering these various properties it amounted to an implied agreement not to partition the lands during the period of the leases. An agreement not to partition need not be expressed and may be implied. It is settled law that if it appears the tenants in common of a tract of land have formulated plans and entered into agreements in reference to the management of the common property and the plans and agreements are of such a character that to grant partition would be to destroy the mutual agreement of the parties, then an agreement not to partition will be implied. (*Whitaker* v. *Scherrer*, 313 Ill. 473.) In *Arnold* v. *Arnold*, 308 Ill. 365, it was said: "Partition will not be awarded in a court of equity where there has been an agreement either not to partition, or where the agreement is such that it is necessary to secure the fulfillment of the agreement that there should not be a partition." But before this principle can be applied the evidence must show facts from which an agreement not to partition may be implied. If there is no such proof, then partition will be granted, for in the absence of special equities or agreements every adult tenant in common is deemed to have the absolute right to partition. *Hill* v. *Reno, supra; Ames* v. *Ames*, 148 Ill. 321.

A partition of the several tracts in this case would not affect any of the covenants of the several leases. There is no evidence from which an implied agreement not to partition can be raised.

The decree of the superior court was correct and is affirmed.

*Decree affirmed.*