(No. 32474.—)

MANDA ROSENBERG, Appellant, *vs.* I. HENRY ROSENBERG, Appellee.

*Opinion filed November 20, 1952.*

344

SCHWARTZBERG & BARNETT, and ISADORE FISHMAN, both of Chicago, (LEO H. ARNSTEIN, and CALVIN R. SUTKER, of counsel,) for appellant.

BEN COPPLE, and MILROY BLOWITZ, both of Chicago, (MEYER SILVERSTEIN, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Appellant, Manda Rosenberg, seeks review of a decree of the circuit court of Cook County which dismissed for want of equity an amended complaint wherein she sought partition of real estate owned as a tenant in common with I. Henry Rosenberg, the appellee.

The facts pleaded show that the parties were married in September, 1925; that the real estate in controversy was purchased by them in 1934, and that they were divorced on March 23, 1950, on appellant's complaint. The divorce decree recited and approved a settlement agreement which had been entered into by the parties under which appellee paid appellant $50,000 in full settlement of divers claims and by which various items of personal property were divided. The decree further incorporated the terms of the agreement which provided as follows: "* * * whereby the realty in 4030 North Cicero is to be placed in tenancy in common between the parties hereto, defendant to collect the income and to be responsible for all taxes, maintenance, repair, and upkeep; that neither party is to sell his or her interest without written consent of the other, and no sale of said realty is to be made except by joint consent

of the parties, * * *." The deeds which created the tenancy in common, pursuant to the decree, were apparently not executed until September 9, 1950, approximately six months after the decree.

At the time of its purchase in 1934, the parties paid $12,000 for the property and since that time appellee, a physician, has maintained his home and offices there. In 1942 they were offered $25,000 for the property and in 1946 were offered $50,000. Shortly after the divorce decree in 1950 they were offered $100,000. Appellant has been anxious to sell, but the appellee has been unwilling and has refused his consent, relying upon their agreement and the divorce decree. On March 21, 1951, appellant commenced this action for partition alleging the facts substantially as related above, and asserting that the restriction contained in the agreement and divorce decree is void and contrary to public policy as unduly restricting the right to alienate real property. Appellee filed a motion to dismiss in which he alleged that the terms of settlement agreement and decree in effect constituted a valid agreement between the parties not to partition, thus estopping appellant's action. After hearing arguments on the motion, the trial court dismissed appellant's complaint for want of equity.

In this court, appellant again makes the contention that the provision of the agreement and divorce decree prohibiting a sale by either of the parties without the consent of the other is void as against public policy, in that the restriction constitutes an unreasonable restraint upon the right of alienation. Appellee, on the other hand, insists that the terms of the agreement and decree merely constitute a valid and enforcible agreement between joint owners not to partition.

This court has long been committed to the rule that an agreement between cotenants not to partition real estate owned in common is binding, and partition will not be

awarded at the suit of a party to such an agreement in violation of the terms of the agreement. (*Tindall* v. *Yeats*, 392 Ill. 502; *Hardin* v. *Wolf*, 318 Ill. 48; *Seals* v. *Treatch*, 282 Ill. 167; *Ingraham* v. *Mariner*, 194 Ill. 269; *Hill* v. *Reno*, 112 Ill. 154.) This is true either where there is an express agreement not to partition, or where the agreement is such that it is necessary to the fulfillment of the agreement that there should not be a partition. (*Nagel* v. *Kitchen*, 381 Ill. 178; *Arnold* v. *Arnold*, 308 Ill. 365.) Stated differently, it has been held that an agreement not to partition will be implied and enforced if such implication becomes necessary in order to fulfill and comply with the provisions of the written agreement of the parties in interest. (*Seals* v. *Treatch*, 282 Ill. 167; *Bissell* v. *Peirce*, 184 Ill. 60.) Before the principle may be applied, however, the evidence must show facts from which an agreement not to partition may be implied. If there is no such proof, then partition will be granted, for in the absence of special equities or agreements every adult tenant in common is deemed to have the absolute right to partition. *Hill* v. *Reno*, 112 Ill. 154; *Ames* v. *Ames*, 148 Ill. 321.

Though a restraint on partition is not expressed in the decree or agreement involved here, it is our conclusion that such an agreement may be implied to secure the fulfillment of the pact the parties actually did make. The facts and circumstances pleaded show that appellee had occupied this property as his home and, more particularly, as the site of his medical practice built up over a period of sixteen years. That the location had proven advantageous to him is demonstrated by his ability to pay appellant $50,000 in cash under other provisions of the settlement agreement. Appellee made numerous and generous concessions to appellant in the agreement but it is obvious that he wanted, and had need for, some measure of control over the continued use and possible sale of the premises. Significant, too, is the fact that the parties agreed not to

sell their interest without the consent of the other, at a time when both were aware that highly lucrative offers had been received. From these facts it may be concluded that the provision of the agreement and decree relating to the use and sale of the real estate was not inserted arbitrarily or without purpose. It was by this means that appellee, who perhaps agreed to other concessions to gain it, protected himself against the possibility that his former wife would succumb to the offers being made and sell her interest in the home and business site which appellee was allowed to retain and use. From all the facts we are convinced that the purpose of the agreement was to prevent appellant from defeating appellee's use of the premises as a home and office. The effect of the arrangement, agreed to by the parties, necessarily is that the property shall not be partitioned. As previously pointed out, "A court of equity will not award partition where there is an agreement not to partition, or where the agreement is such that to secure its performance it is necessary that partition be denied." (*Hardin* v. *Wolf,* 318 Ill. 48.) The nature of the agreement here considered is such that an agreement not to partition must be implied to secure its performance.

In contending that the agreement is in derogation of the public policy against placing unreasonable restraints on the right to alienate real property, appellant has cited numerous cases where attempts were made by grantors or devisors to create limitations upon the use, enjoyment or alienation of the property by the subsequent holder of the fee title. Manifestly, the cases relied upon by appellant are not analogous to the case at bar where a husband and wife agree between themselves concerning their own future use, enjoyment and disposition of property purchased by them more than fifteen years previously.

Appellant next insists that the language employed in the settlement and decree fails to create a valid agreement not to partition because it establishes no time limit. We have

not found, nor have counsel cited, any decisions of this jurisdiction which hold that an agreement of this nature must set forth a time limit in order to be valid. In support of the point, appellant advances the suggestion of one writer that for a restraint on partition to be valid it must be limited in duration to a period measured by lives in being and 21 years, that period having been adopted by analogy from the rule against perpetuities. While we find no parallel thought in this court's decisions, we think it is the clear import of the language of the agreement and decree in this case that the period of restraint can exist only for a period measured by the lives of the parties to the agreement, thus bringing it within the rule suggested by appellant.

In further support of the contention, appellant relies upon several cases from sister jurisdictions but we do not find that any of them bolster the proposition that an agreement not to partition must contain a definite time limitation. *Smith* v. *Brasseale,* 213 Ala. 387, which states that an agreement for perpetual forbearance of a suit for partition is contrary to the policy of law, is not persuasive in this case for the reason that we are not dealing with an agreement for perpetual forbearance, and, secondly, because it appears that the courts of Alabama, contrary to the decisions of this court, show disfavor to agreements not to partition. *Smith* v. *Smith,* 290 Mich. 145, and *Gladstone* v. *Tweedell,* 132 Wash. 441, are so factually different as not to be helpful and in neither case were the courts dealing with an agreement not to partition, express or implied. The last case cited by appellant is *Roberts* v. *Jones,* 307 Mass. 504, 30 N.E. 2d 392, wherein the court stated: "We assume in favor of the respondent and in accordance with the great weight of authority that a tenant in common may bind himself by agreement from asserting any right to partition, and that such an agreement if extending for only a reasonable time is not contrary to public policy and

operates by way of waiver or estoppel to prevent the maintenance of partition proceedings." The agreement in the case was held not to be valid, and not to extend only for a reasonable time, by reason of the fact that it not only bound the parties to the agreement but could also be extended to cover successive purchasers of the interest of each of the parties. We do not construe the agreement here to have a similar effect, but, as previously stated, that the restraint on partition can only be for a period measured by the lives of the appellant and appellee. That the Massachusetts court considered a period measured by the lives of the parties to the agreement as a reasonable time limitation, may be gathered from its act of citing with approval, as a basis for their view, the case of *Hardin* v. *Wolf,* 318 Ill. 48, where an implied agreement between a father and daughter not to partition during their joint lives, was held valid and enforcible. Under the circumstances of this case, we conclude that this contention of appellant is without merit.

The last contention of appellant which we need consider here is that the agreement not to partition is invalid because the parties were not vested with title at the time the agreement was made. The contention advanced correctly reflects the view of this court, as stated in *Stromsen* v. *Stromsen,* 397 Ill. 260, and *Watson* v. *Hobson,* 401 Ill. 191, that such preliminary agreements before title is vested, become merged in the later conveyance and have no effect. However, it does not appear that such a premise is supported by the facts in the record before us. Appellant treats the date of September 6, 1950, the date the parties executed the deeds creating a tenancy in common pursuant to the agreement and decree, as the date upon which the parties became seized in fee-simple title. Such a position is inconsistent with the allegation of the complaint that the parties purchased the property for cash in 1934. It is also inconsistent with the statement made in the brief filed in this

court that appellant "owned an undivided one-half interest in the real estate in question in fee simple for some time prior to the entry of the decree of divorce." We believe it is obvious that the parties were vested with title at the time the agreement was made and the divorce decree entered, and that the conveyances between the parties to effect a tenancy in common, pursuant to the agreement, did not have the effect of merging the terms of the agreement into such conveyances.

We conclude that the parties entered into a valid and enforcible agreement from which an agreement not to partition must be implied to secure its performance. Appellant, therefore, is estopped from prosecuting a complaint in partition, (*Hill* v. *Reno,* 112 Ill. 154,) and the decree of the circuit court of Cook County dismissing the complaint for want of equity is affirmed.

*Decree affirmed.*