Peggy Ann METTEN, Appellee,

v.

Ronald Rene BENGE, Appellant.

No. 84–623.

Supreme Court of Iowa.

April 17, 1985.

Virgil Moore of Virgil Moore, P.C., Des Moines, for appellant.

James M. Meade, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Respondent Ronald Rene Benge appeals from a decree dividing property and awarding child custody and support in an equity action between unmarried cohabitants. We affirm.

Petitioner Peggy Ann Metten and Ronald lived together from 1974 to 1982 (except for an eight-month separation from August 1980 to April 1981). During that time they became parents of a son, Brian, who was born in 1979, and acquired real and personal property, including a jointly owned homestead.

In December 1982 Peggy filed a petition for dissolution of marriage under Iowa Code chapter 598. In her petition she alleged, *inter alia*, that she and Ronald had been married since 1973. She sought dissolution of the marriage, custody of and child support for Brian, and an equitable division of the parties' real and personal property.

On the morning trial of the action was to commence, Peggy amended her petition by striking the allegation that she and Ronald had been married and substituting a paragraph alleging that the parties had never entered into either a statutory or common law marriage. The paragraph concluded with a request for such relief "as is permitted by [Iowa Code] section 598.32, *and the general equity powers of this Court.*"

(Emphasis added.) Ronald did not contend they were married.

In view of Peggy's allegation that the parties had never been married, Ronald moved to dismiss her action.[1] The motion did not state any other grounds as a basis for dismissal nor was it renewed in any form at a later time. This motion was denied. The court proceeded to hear evidence pertaining to the nature and duration of the parties' relationship, their present and past financial status, and other matters relevant to Peggy's claims.

Thereafter, the court entered findings of fact, conclusions of law and rulings on Peggy's claims. See Iowa R.Civ.P. 179(a). The court found that the parties had never married but concluded that it nonetheless had jurisdiction in equity to hear the action. The court then awarded custody of Brian to Peggy with reasonable visitation rights to Ronald. Ronald was ordered to pay $35.00 per week as child support. The court also divided the real and personal property of the parties. This appeal by Ronald followed.

Ronald's brief is not as helpful as could be desired. The essence of his argument, however, appears to be that the court erred in denying his motion to dismiss, because the court was without jurisdiction to hear the claims in the amended petition once it appeared that Peggy and Ronald had never been married. We disagree.

 Although the petition in this case was initially framed as a petition for dissolution of marriage under Iowa Code chapter 598, it does not follow from that fact that the court, in hearing the amended petition, was limited to only the equity jurisdiction conferred by that statute. A court may take jurisdiction of a case in equity if the allegations of the petition state a claim cognizable in equity. See McAnulty v. Peisen, 208 Iowa 625, 635–36, 226 N.W. 144, 149 (1929). Because we believe that the petition, as amended, in this case stated claims cognizable in equity, we conclude that the district court had jurisdiction to hear the case.

Paragraphs 11, 12, and 13 of the petition read as follows:

11. It is in the best interest of [the parties' child Brian] that he be in the temporary and permanent care, custody, and control of the Petitioner.

12. The Respondent should be required to pay temporary and permanent support for [Brian].

13. The property owned by the parties, both real and personal, if any there be, should be divided equitably between the parties.

 These allegations are sufficient to support the exercise of equity jurisdiction. A court of equity has the power to determine questions of child custody and support. See Iowa Code chs. 252A, 598A; see also Iowa Code §§ 675.24 (support) and 675.40 (custody and visitation); Adams v. Braginton, 159 N.W.2d 479, 484 (Iowa 1968) (wife obtained a divorce in Nevada after an Iowa divorce petition was filed; Iowa court properly retained jurisdiction as a court of equity outside Iowa Code ch. 598 to determine child custody and support), overruled on other grounds, Skinner v. Ruigh, 351 N.W.2d 182, 184 (Iowa 1984). A court of equity may also partition real and personal property. Iowa R.Civ.P. 270–98.[2] In Slocum v. Hammond, 346 N.W.2d 485, 494–95 (Iowa 1984), which involved unmarried cohabitants, we ordered a partition petition dismissed but in that case no substantial evidence existed in the trial record to support the petition. Regardless

---

1. Ronald's motion was as follows:
 Your Honor, at this time I understand that it is agreed by the petitioner that no marriage at any time existed between the parties, and since this is an action in dissolution, based on there being no dispute in the evidence that no marriage exists, the respondent does move the Court to dismiss this at the petitioner's cost at this time.

2. Although the procedure followed by the court in making the property division did not accord with that prescribed in Iowa R.Civ.P. 270–98, this does not affect the court's jurisdiction to hear the case, which is the only issue presented for our review.

of how the parties' marital status affected the court's jurisdiction to hear the case under chapter 598 (an issue we need not and do not decide), paragraphs 11 through 13 of the petition stated claims within the equity jurisdiction of the court. Ronald does not contend the statement of Peggy's claims was an inadequate pleading. Under this record, the district court did not err in denying Ronald's motion to dismiss.

We find Ronald's other contentions to be either untimely made or without merit.

We have no occasion to pass on questions involving unmarried cohabitants that might arise under a different pleading and procedural record.

The case is affirmed.

AFFIRMED.

All Justices concur except REYNOLDSON, C.J., who concurs in the result.