**In re the MARRIAGE OF Lee E. MILLER and Dennis O. Miller**

**Upon the Petition of Lee E. Miller, Petitioner–Appellee,**

**And Concerning Dennis O. Miller, Respondent–Appellant.**

No. 89–102.

Court of Appeals of Iowa.

Dec. 21, 1989.

Jerry R. Foxhoven of Peddicord, Wharton, Thune, Foxhoven & Spencer, Des Moines, for respondent-appellant.

Lylea Dodson Critelli and Jacques D. Schira of Nick Critelli Associates, P.C., for petitioner-appellee.

---

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

This appeal from a dissolution decree challenges the trial court's division of assets. The question presented is whether the trial court properly considered the ownership of property acquired by one party during a period of cohabitation preceding marriage. We modify the property award.

Petitioner-appellee Lee Miller and respondent-appellant Dennis Miller were married on December 17, 1977. Both parties had prior marriages. No children were born to this marriage. The parties met while both were employed in Alaska. They were both married to their prior spouses but began living together in 1975. Lee obtained a dissolution in January 1976. Dennis's dissolution was finalized in October 1977. Dennis was obligated to pay child support to his former wife, which continued until January 1988.

The parties at the time of trial had assets of approximately $129,000. The trial court allocated the assets $108,000 to Lee and $21,000 to Dennis. They had debts of about $1,000 that were basically split between the two parties. Additionally, Dennis was given all his pension rights. The record shows if he were to retire at age fifty-five, he would receive $255 per month for life. The amount would increase with additional years of service and a later retirement date. Dennis was awarded all his retirement benefits.

The trial court, in making the property allocation, awarded property in Lee's separate name to her and property in Dennis's separate name to him. The awards resulted in each party taking assets from the marriage in about the same percentages at which they were brought in. The trial court's division awarded Lee substantially all the property she had in her name at the time of marriage. Dennis argues this was not equitable because Lee's premarital accumulation was the result of her commingling her assets with earnings that Dennis gave to her during the premarital cohabitation period.

During their premarital cohabitation in Alaska, both parties were making similar and substantial incomes and had few living expenses. Lee left Alaska with substantial monies in her name. Dennis left Alaska with no money in his name. Lee had received a settlement of $18,000 when her prior marriage was dissolved. The balance of her net worth was acquired during her employment in Alaska. During a substantial period of the time she was in Alaska she and Dennis cohabited.

In a dissolution, all property should be divided equitably. *See In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). In making the division the court is required to consider the factors of Iowa Code section 598.21. The issue in this case focuses on section 598.21(1)(b), which provides in making an equitable distribution the court shall consider "property brought to the marriage by each party." We find, as it appears the trial court did, that a portion of the assets brought by Lee into the marriage was accumulated from money Dennis gave her during the cohabitation period. Despite her denial of this fact, Lee's own testimony shows on more than one occasion she was able to deposit in a savings account substantially more money than she earned during the period of deposit. Lee also admitted she put in her account $16,000 in worker's compensation benefits Dennis received.

Lee argues it is not equitable to consider premarital contributions made to her assets by Dennis because there is evidence the money was put in her name to keep it from Dennis's prior wife. The issue of whether this money was put in Lee's name to keep it from Dennis's wife is not before us. The record is not sufficient to enable us to determine whether that was the reason. If this were the reason, it would meet with strong disapproval from this court. If, however, such an agreement existed and Lee participated in such an arrangement, her conduct too would be subject to censure.

Issues of premarital cohabitation need to be addressed, since cohabitation is now often a prelude to marriage. *See* Bower &

Christopherson, *University Student Cohabitation: A Regional Comparison of Selected Attitudes and Behavior*, 39 J. Marriage & Fam. 447, 451–52 (1977).

This case does not involve the issue of equitable division between cohabiting couples. These issues have been addressed by the Iowa court. *See Metten v. Benge*, 366 N.W.2d 577, 579 (Iowa 1985); *Slocum v. Hammond*, 346 N.W.2d 485, 494 (Iowa 1984). Premarital cohabitation claims are clearly distinguishable from nonmarital cohabitation claims. *See* Wand, *The Relevance of Premarital Cohabitation to Property Division Awards in Divorce Proceedings: An Evaluation of Present Trends and a Proposal for Legislative Reform*, 63 B.U.L.Rev. 105, 107 (1983). This is an issue of commingling of earnings during a cohabitation period preceding marriage. The question is, how should these factors be considered in following section 598.21(1)(b)? The obvious purpose of that section, in many instances, is to prevent a spouse from being given an interest in property for which he or she made no contribution to acquiring. Frequently, property brought into a marriage is set aside to the party bringing it in. An equitable division imparts a fair division. We find no equity in setting aside to one spouse property that at the time of marriage was in the name of only one party but was the result of premarital funds accumulated by both parties.

Lee entered the marriage with $18,000 from her former marriage. We consider this. We consider Dennis's minimal pension rights. *See In re Marriage of Williams*, 421 N.W.2d 160, 167 (Iowa App. 1988). We modify the decree to provide Lee shall pay Dennis $30,000 in cash. We affirm the balance of the decree.

Each party shall pay one-half the costs on appeal.

AFFIRMED AS MODIFIED.