**Willard F. SPRATT, Appellant,**

v.

**Marjorie A. SPRATT, Perpetual Savings and Loan Association, Brenton Bank & Trust Company of Cedar Rapids, and Linn County, Iowa, Appellees.**

No. 89–484.

Supreme Court of Iowa.

May 23, 1990.

Gerald J. Kucera of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

H. Raymond Terpstra II, Cedar Rapids, for appellee Marjorie A. Spratt.

Dennis J. McMenimen and Linda M. Kirsch, Cedar Rapids, for appellee Perpetual Sav. and Loan Ass'n.

Michael E. Eganhouse, Cedar Rapids, for appellee Brenton Bank and Trust Co. of Cedar Rapids.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

When Willard Spratt and Marjorie Spratt were divorced in 1983, the decree ordered that title to their home vest in the parties, pursuant to their stipulation, as "joint tenants with full rights of survivorship and not as tenants in common." In 1988, Willard brought a partition action to sell the home and divide the proceeds, but the district court refused. The court entered summary judgment for Marjorie, the

former wife, and Willard appealed. We affirm.

The dissolution decree, which incorporated a stipulation of the parties, provided:

All rights, titles and interest in and to certain real estate commonly known as 31 Clive Drive N.W., Cedar Rapids, Iowa, ... are herewith confirmed and vested in Marjorie A. Spratt and Willard F. Spratt as joint tenants with full rights of survivorship, and not as tenants in common, subject to a certain mortgage at Perpetual Savings and Loan Association....

....

At such time as the Petitioner [Marjorie] shall remarry or in the event the parties mutually agree, the said premises shall be sold with Petitioner acting as agent for the parties in re listing and other sale proceedings, with it being agreed that the proceeds after all selling expenses, including proration of taxes, shall be divided equally between the parties.

The Petitioner shall be given the use, enjoyment, income and control over said premises for so long as she shall live or the property is sold on the conditions stated above. That title to this real estate shall remain in the names of the parties as recited above in joint tenancy with the understanding that upon the death of either party, all rights, titles and interest shall revert to the surviving party in said real estate subject to any remaining mortgage unpaid at the time of the death of the first party to die herein and with the understanding that the surviving joint tenant shall assume and pay the remaining mortgage obligation.

Willard contends that the joint tenancy title created by the decree should be treated as any other joint tenancy, *i.e.*, that it can be severed in a partition action. He cites two Iowa cases in support of this argument, *Johnson v. Johnson*, 188 N.W.2d 288 (Iowa 1971), and *Metten v. Benge*, 366 N.W.2d 577 (Iowa 1985). Marjorie responds that (1) the right to partition was involved in the dissolution action and, therefore, may not be relitigated; and (2)

the stipulation for joint tenancy cannot be vitiated by a partition action. Because we affirm on the second ground, we do not address the first.

The cases cited by Willard are clearly distinguishable. In *Johnson*, for example, the partition action was commenced to effectuate the court's order dividing the parties' real estate. There was no agreement or court order to continue a joint tenancy ownership, as there is in the present case. In addition, no party's right of possession was affected, as it is in this case. *Metten* merely held that a dissolution court may order partition of real estate as a part of the property division; it did not hold that partition could be used to alter an existing decree, as is attempted here. *See Metten*, 366 N.W.2d at 579.

There is no doubt that, as a general rule, joint tenancy property may be partitioned. *See, e.g.,* 59A Am.Jur.2d *Partition* § 27, at 25 (1987). However, if there is an agreement not to sever a joint tenancy, the general rule does not apply. *See, e.g., Rosenberg v. Rosenberg*, 413 Ill. 343, 344–48, 108 N.E.2d 766, 767–68 (1952). In *Rosenberg*, the parties to a divorce action stipulated that their property was to be held thereafter as tenants in common and that it could not be sold without the consent of both parties. After the decree was entered, the former wife attempted to partition the real estate. The Illinois Supreme Court held that partition was not available, in view of the parties' stipulation and the court's decree. While the parties in *Rosenberg* had only agreed not to *sell* their interests in the real estate, there was no express provision in the decree with respect to partition. The court nevertheless said:

This court has long been committed to the rule that an agreement between cotenants not to partition real estate owned in common is binding, and partition will not be awarded at the suit of a party to such an agreement in violation of the terms of the agreement. This is true either where there is an express agreement not to partition, or where the agreement is such that it is necessary to the fulfillment of the agreement that

there should not be a partition. Stated differently, it has been held that an agreement not to partition will be implied and enforced if such implication becomes necessary in order to fulfill and comply with the provisions of the written agreement of the parties in interest. Before the principle may be applied, however, the evidence must show facts from which an agreement not to partition may be implied. If there is no such proof, then partition will be granted, for in absence of special equities or agreements every adult tenant in common is deemed to have the absolute right to partition.

*Id.* at 345–46, 108 N.E.2d at 767–68 (citations omitted).

Here, an agreement not to partition must be implied in order to prevent the frustration of Marjorie's right of possession and to prevent the court's imprimatur on Willard's attempt to violate the court's decree. To allow partition under these circumstances would also violate our general rule that property settlements may not be modified. *See, e.g., In re Marriage of Dunn,* 455 N.W.2d 923, 924 (Iowa 1990); *Prochelo v. Prochelo,* 346 N.W.2d 527, 529 (Iowa 1984); *In re Marriage of Knott,* 331 N.W.2d 135, 136–37 (Iowa 1983).

The court properly entered summary judgment for the defendant, and we therefore affirm.

AFFIRMED.