**Douglas G. BRUCE, Petitioner–Appellant,**

v.

**Elizabeth SARVER, Respondent–Appellee.**

**No. 90–1524.**

Court of Appeals of Iowa.

May 29, 1991.

As Corrected Oct. 1, 1991.

Luis Herrera of Herrera & Schemmel, P.C., Des Moines, for petitioner-appellant.

Kathy P. Ryman, Legal Aid Soc. of Story County, Nevada, for respondent-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Petitioner-appellant Douglas G. Bruce filed a verified application [1] seeking custody of or visitation with Ayla Rachel Brown. Ayla was born October 10, 1982. Douglas alleged he was the natural father of Ayla, and since her birth he had visitation with her and had provided her with support.

Respondent-appellee Elizabeth Sarver, Ayla's mother, moved to dismiss, claiming, among other things, the parties had not been married, paternity of Ayla had never been established, and Douglas was not her father. The trial court dismissed the petition for lack of jurisdiction because paterni-

---

1. The application sets forth a claim for relief. We consider it a petition in equity. *See* Iowa

R.Civ.P. 67, 68, 69 and 70.

ty had not been established. The trial court also refused Douglas's request to hear evidence and reconsider its order of dismissal.

Douglas appeals contending the trial court erred on both grounds. Elizabeth contends, among other things, that Bruce did not preserve error. We reverse the order sustaining the motion to dismiss. We remand to the trial court.

A motion to dismiss must stand or fall on the allegations of the petition and cannot be aided by facts not alleged (except those of which judicial notice may be taken) and it cannot be aided by an evidentiary hearing. *See Berger v. General United Group, Inc.*, 268 N.W.2d 630, 634 (Iowa 1978); *Stearns v. Stearns*, 187 N.W.2d 733, 734 (Iowa 1971). The question is whether the court has jurisdiction to entertain a petition that on its face alleges paternity where there are no allegations in the petition the parents were married when the child was born or the person claiming to be the father has been declared the father by a court decree or a notation on the birth certificate. We find the court does.

A court in equity may take jurisdiction of a case in equity if the allegations of the petition state a claim cognizable in equity. *See Metten v. Benge*, 366 N.W.2d 577, 579 (Iowa 1985); *see also McAnulty v. Peisen*, 208 Iowa 625, 635–36, 226 N.W. 144, 149 (1929). A court in equity has power to determine issues of paternity, child custody and child support. *See Metten*, 366 N.W.2d at 579; *Adams v. Braginton*, 159 N.W.2d 479, 484 (Iowa 1968) overruled on other grounds; *Skinner v. Ruigh*, 351 N.W.2d 182, 184 (Iowa 1984); *see also* Iowa Code §§ 252A, 598A, and 675.24. The petition should not have been dismissed. We reverse the order of dismissal and remand to the trial court.

Elizabeth also argues Douglas is not the father. She included in the supplemental appendix a letter from the Minneapolis War Memorial Blood Bank. The letter, written by H.F. Polesky, M.D., states, based on blood samples obtained from Douglas, Elizabeth, and Ayla, he has excluded Douglas as Ayla's father.

We do not consider the letter. On a motion to dismiss, facts not contained in the pleadings will not be considered. *Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 310 (Iowa 1982). The letter has not been received in evidence. To allow its consideration at this point would require a judicial acceptance of (1) the expertise of the writer, (2) the accuracy and correctness of testing, and (3) the fact the tested specimens came from the stated persons. Any or all of these matters may be refuted or challenged by Douglas at trial. The court cannot take judicial notice of the letter. Before proceeding on the custody and visitation issues, Douglas will, of course, be required to prove his paternity, it having been denied.

Elizabeth has contended Douglas failed to preserve error because he did not make a record. The record before us is adequate to review the ruling on the motion to dismiss. We have reversed. We need not address the appellant's second complaint that the trial court erred in not allowing him a hearing on his motion to reconsider. We find no merit to Elizabeth's preservation of error argument. The trial court has jurisdiction to entertain the petition.

Costs on appeal are taxed to the respondent-appellee.

REVERSED AND REMANDED.