Regina D. HARRIS, Plaintiff,

v.

**IOWA DISTRICT COURT FOR CHEROKEE COUNTY,** Defendant.

No. 97–902.

Supreme Court of Iowa.

Sept. 23, 1998.

Martha Fagg, Des Moines, and P.D. Furlong, Sioux City, for plaintiff.

Ryan R. Kolpin of Miller, Miller, Miller, P.C., Cherokee, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

The plaintiff in this original certiorari action, Regina D. Harris, challenges the district court's order punishing her for contempt. She argues (1) the court did not have jurisdiction or authority to find her in contempt, (2) the evidence was insufficient to sustain the contempt finding, and (3) the court abused its discretion in imposing a thirty-day jail term. After reviewing the records and considering the arguments presented, we annul the writ of certiorari.

Regina D. Harris and Roger Renken lived together in Roger's house for a period commencing sometime in 1990 and ending in March 1996, when Roger was removed from the home by reason of a domestic abuse

protective order obtained by Regina. On March 7, 1996, Regina filed a petition in equity alleging a common-law marriage and requesting that it be dissolved. Additionally, she sought the division of real and personal property.

On November 7, 1996, the district court filed findings of fact and conclusions of law in which it determined no common-law marriage existed. Relying on *Metten v. Benge,* 366 N.W.2d 577 (Iowa 1985), the court concluded that it was within its equitable jurisdiction to divide the property and debts of the parties notwithstanding the absence of a marriage. The pertinent portion of the court's decree provided:

> The petitioner (Regina) shall have no interest in the residential property ... except that she will be allowed to continue to reside in that property without paying rent for a period of 60 days following the filing of this decree. She shall not commit any waste or do anything to damage the home or its contents during the period of her occupancy and she shall promptly surrender possession of the home and contents (except those items awarded to her) at the end of the 60 day period.

> The respondent (Roger) shall be entitled to keep all of the contents of the house, except one of the smaller TVs (her choice), the antique pottery, miscellaneous knickknacks, the refrigerator and tanning bed, which shall be the property of the petitioner.

The decree was later modified to grant Regina an additional thirty-five days to reside in the residence.

In February 1997 Roger filed an application for an order to show cause, alleging Regina violated the decree by taking property and damaging his home in violation of the decree. Regina then filed her own application for an order to show cause, claiming Roger violated the decree based on his failure to pay certain debts pursuant to the court's order. An evidentiary hearing was held on both applications.

Regina's application to have Roger held in contempt was denied by the district court. Roger's application to have Regina held in contempt was granted by the district court, which found:

> The court finds that the respondent (Roger) has proved by evidence beyond a reasonable doubt that the petitioner (Regina) willfully violated the decree entered by the court in this case on November 7, 1996. The violation was:

>> The petitioner took, and has retained or disposed of, items of personal property which constituted contents of the house, which items were awarded to the respondent under the decree. These items included guns, a gun cabinet, wall pictures and plaques, pool table lights, pots and pans, wall hangings, pool cues, and many other items.

Based on these findings, the court found Regina to be in contempt of the court's decree and ordered that she be imprisoned in the county jail for a period of thirty days. After Regina had served a portion of that sentence of imprisonment, this court stayed the balance thereof pending the disposition of this original certiorari proceeding.

■ In support of her claim that the court was without jurisdiction or authority to punish her for contempt, Regina argues that contempt powers contained in Iowa Code chapter 598.23 (1997) are not available because of the finding in her equity action that no common-law marriage existed. She further argues that the court may not punish her for violating its general equity decree because her actions in converting Roger's property only served to create a debt in his favor. Based on that premise, she contends that Iowa Code section 626.1 prohibits enforcement of a debt by contempt. That statute provides:

> Judgments or orders requiring the payment of money, or the delivery of the possession of property, are to be enforced by execution. Obedience to those requiring the performance of any other act is to be coerced by attachment as for a contempt.

Iowa Code § 626.1 (1997).

We are unable to agree with Regina's contention. The finding of contempt and punishment therefor did not involve an effort to collect a debt. When a finding of contempt

is based on disobedience of a court's order, our cases recognize that a court may impose punitive sanctions under section 665.4 for past disobedience, impose coercive remedial sanctions under section 665.5 to encourage performance of affirmative acts required by the order, or impose both punitive and coercive remedial sanctions. *Amro v. Iowa Dist. Ct.*, 429 N.W.2d 135, 139 (Iowa 1988); *Wilson v. Fenton,* 312 N.W.2d 524, 528–29 (Iowa 1981). The district court expressly declared in its order that the sanction imposed was intended as punishment and not dispositive of her continuing obligation to abide by the provisions of the decree. Punishment for disobeying the decree was clearly authorized under the provisions of Iowa Code section 665.2(3) and (4). Section 665.2(3) defines contempt as any "[i]llegal resistance to any order or process made or issued by [the court]."

We also reject Regina's contention that the court's finding of contempt was not supported by substantial evidence. Among other testimony offered as to her taking of property awarded to Roger under the decree was the testimony of Regina's son-in-law that he had assisted her in selling several of Roger's guns, including a .357 magnum pistol, a twelve-gauge shotgun, a muzzle-loading rifle, and a twelve-gauge deer gun. Although Regina testified that these items had been removed from the home and sold prior to the decree, that did not accord with the time of taking testified to by her son-in-law. The district court resolved this factual dispute in favor of its finding of contempt. It also found, based on sufficient evidence, that Regina had taken other personal property awarded to Roger by the decree. We believe that the thirty-day jail sentence imposed by the court was not an abuse of its discretion. The acts found to have occurred were willful and malicious and may have made it impossible for Roger to recoup his property. The punishment was commensurate with the seriousness of the offense.

We have considered all issues presented and conclude that the writ of certiorari previously issued by this court should be annulled. The order staying the term of imprisonment is dissolved effective three days following the district court's receipt of procedendo from this court.

**WRIT ANNULLED.**