(105 So. 199)

## SMITH v. BRASSEALE. (8 Div. 729.)

(Supreme Court of Alabama. June 18, 1925.)

**1. Partition ☞22—Agreements for perpetual forbearance of a suit for partition are void.**

Agreements to postpone partition of estate for a reasonable time are valid, but agreements for perpetual forbearance of a suit for partition are void, and what constitutes a reasonable time, in the absence of a stipulation for perpetual forbearance or for some definite time, depends upon lawfulness of purpose for which the agreement is made and the time to be consumed in its performance.

**2. Partition ☞22—Agreement to forbear suit not void on its face.**

Agreement between co-owners of realty, vesting management in one of them, and providing that it should not be null as long as any money borrowed remained unpaid, if construed as a promise to forbear suit for division, would be construed as stipulating for forbearance for a reasonable time only, and hence was not void on its face.

**3. Principal and agent ☞33, 36—Agency revocable at pleasure; commencement of suit for sale of property of estate held to constitute a revocation of agreement giving another heir sole power of management.**

Agreement by heirs of decedent, giving one heir sole power of management until property was satisfactorily disposed of, gave such heir no interest except as agent, and hence agency was revocable at pleasure, and was revoked by commencement of suit by another heir for sale of property, even though this constituted breach of agreement.

Appeal from Circuit Court, Morgan County; James E. Horton, Jr., Judge.

Bill in equity by Rosa Brasseale against J. C. Smith, and cross-bill by respondent. From a decree sustaining the demurrer to the cross-bill, cross-complainant appeals. Affirmed.

The agreement between the cotenants, exhibited with the cross-bill, is as follows:

"This agreement, made this 23d day of Nov., 1922, between J. C. Smith, of Hartselle, Ala., route 2, party of the first part, and U. G. Smith, of Etta, Miss., route 2 (Mrs.) Rosa Brasseale, of Hartselle, Ala., route 1, and Lillie May Smith of Hartselle, Ala., route 3, parties of the second part, witnesseth:

"That the said parties of the second part do hereby covenant with and agree to surrender and convey all rights and authority of management of the W. P. Smith estate to the party of the first part. All of the parties of the first and second part of this agreement, being legal and rightful heirs to the said W. P. Smith estate as hereinafter described, to wit: S. E. ¼ of the S. E. ¼ of S. E. ¼ of Sec. 2, T. 7, R. 5 West, 10 acre block, and the N. E. ¼ of N. E. ¼, Sec. 11, T. 7, R. 5 West, 40 acres more or less.

"The said W. P. Smith now deceased.

"It is further agreed that the party of the first part has the full consent and permission of the parties of the second part to rent, lease, borrow money on or sell the above described property at any time the party of the first part may see fit to do so provided that he shall not sell the above described property for a sum less than fifteen hundred ($1,500.00) dollars and provided that the resources of all rentals, lease returns, borrowed money or other income of the above mentioned estate shall be applied to the indebtedness of W. P. Smith, first; secondly to the paying of the taxes on repairs, insurance and upkeep of the buildings thereon and lastly, if any amount of such returns remaining, said remaining sum shall be equally divided between the four (4) legal heirs, their heirs, agents or assigns.

"And it is further expressly agreed between the parties hereto, that this contract shall not be null and void until any or all borrowed money, with interest, on the above mentioned property is paid in full to date. And in case the party of the first part sells the above mentioned property, at any time, the proceeds from such sale shall go first for the paying off of any and all loans against the property, with interest to date, secondly to any other indebtedness of the said W. P. Smith, thirdly, any remaining sum realized from such sale shall be equally divided between the four (4) legal heirs, their heirs or assigns.

"And it is further covenanted and agreed between the parties aforesaid, that this contract shall be in full force and as binding on the heirs, agents or assigns, of the above named parties of the first and second part until the above described property is disposed of satisfactorily to all concerned."

W. H. Long, of Decatur, for appellant.

The cotenants had an absolute right to enter into the agreement, and it was binding upon them. 20 R. C. L. 717; Coleman v. Coleman, 19 Pa. 100, 57 Am. Dec. 641; Appeal of Latshaw, 122 Pa. 142, 15 A. 676, 9 Am. St. Rep. 76; Hill v. Reno, 112 Ill. 154, 54 Am. Rep. 222; Martin v. Martin, 170 Ill. 639, 48 N. E. 924, 62 Am. St. Rep. 411; Mathews v. Glockel, 82 Neb. 207, 117 N. W. 404, 18 L. R. A. (N. S.) 1208; Anderson's Law Dict. 451.

A. J. Harris, of Decatur, for appellee.

Unless the agency or power of attorney to represent the principal is coupled with an interest, the principal may revoke the power or authority at any time. Cooper v. Cooper, 206 Ala. 519, 91 So. 85; Evans v. Fearne, 16 Ala. 692, 50 Am. Dec. 197; McCallum v. Grier, 86 S. C. 162, 68 S. E. 466, 138 Am. St. Rep. 1040; Ewart Lumber Co. v. Am. C. P. Co., 9 Ala. App. 152, 62 So. 564; Chambers v. Seay, 73 Ala. 372; 2 C. J. 528. A contract not to partition is void, unless a reasonable limit is fixed. Haeussler v. Mo. Iron Co., 110 Mo. 188, 19 S. W. 75, 16 L. R. A. 220, 33 Am. St. Rep. 431; Roberts v. Wal-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lace, 100 Minn. 359, 111 N. W. 289, 117 Am. St. Rep. 701.

SAYRE, J. Appellee filed the bill seeking the sale of a piece of land, which descended to the parties as cotenants from their common ancestor. Appellant Smith filed his cross-bill, averring an agreement between himself and the other cotenants—of whom there were two besides the original complainant—by which they had agreed that he should have possession for the purposes therein stated, and, in substance, it may be conceded that there should be no partition among them. Cross-complainant averred, among other things, that original complainant, in violation of the agreement between the parties, had usurped possession and control of the land, and refused, after demand, to surrender possession or pay rent. The prayer of the cross-bill is that the agreement be enforced and the cross-complainant restored to possession. The trial court sustained a demurrer to the cross-bill; hence this appeal.

[1, 2] Conceding that the agreement in question may be construed as a contract against partition or division without complication, it should be upheld as such contract for a reasonable time. Agreements for the perpetual forbearance of a suit for partition are contrary to that policy of the law which maintains the right of partition as an absolute right, which yields to no consideration of hardship or inconvenience. Freeman, Cotenancy and Partition (2d Ed.) § 442; Haeussler v. Missouri Iron Co., 110 Mo. 188, 19 S. W. 75, 16 L. R. A. 220, 33 Am. St. Rep. 431. But "the right of cotenants to bind themselves to waive or postpone for a reasonable time the right of partition seems to be well established." 20 R. C. L. p. 717. The agreement shown by the record, if construed as a promise on the part of the cotenants to forbear suit for division pending appellant's management of the property for the purposes indicated, must be construed as stipulating such forbearance for a reasonable time only. 1 Williston on Contracts, § 38. What would be a reasonable time in the present case, in the absence of a stipulation for perpetual forbearance, or for some definite time, would depend upon consideration of the lawful purposes for which the promise was made and the time to be consumed in its performance. Williston, ubi supra; McFadden v. Henderson, 128 Ala. 221, 29 So. 640. We are unable to say that the agreement against division was void on its face.

[3] But the promise to forbear division or partition was made for the purpose of insuring to appellant an opportunity to execute the agency, the power of attorney, conferred upon him by the agreement. The agreement conferred upon him no interest except as agent or attorney, and that alone is the interest he now seeks to conserve and enforce. It created no interest in the land but only in the exercise of the power. Such being the case, the agency was revocable at the pleasure of any party thereto. Millican v. Haynes (Ala. Sup.) 103 So. 564. Appellee's alleged breach of agreement, and her prosecution of this suit, must be accepted, necessarily, as a revocation of the agency created by the agreement, and, that revoked, nothing of the substance of the agreement remains. So far as concerns the application of these principles, it is immaterial that the party revoking was only a part owner of the property, and that the agent was one of the owners in common. Barrett v. Bemelmans, 163 Pa. 122, 29 A. 756; 2 C. J. 528, note. If it be that, in withdrawing the power to bind her, appellee breached her contract so as to be liable in damages, she nevertheless had the power to revoke. Millican v. Haynes, supra; 2 C. J. 528, note.

The decree sustaining appellee's demurrer to appellant's cross-bill is due to be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.