RAISCH, APPELLEE, v. SCHUSTER ET AL., APPELLANTS.

[Cite as Raisch v Schuster (1975), 47 Ohio App. 2d 98.]

(No. C-74664—Decided December 22, 1975.)

*Messrs. Shea & MacKay,* for appellee.

*Messrs. Mebs, Altmayer & Von Hagen,* for appellants.

PALMER, J. The plaintiff, appellee herein, owner of an undivided 1/21st interest in certain realty, filed an action under R. C. 5307.01 for partition of the fee. The defendants, the appellants and remaining tenants-in-common, raised, as a defense to the suit, a written agreement executed on September 29, 1971, between all of the several owners of the property in question. The dispositive language of such recited:

"This Agreement further witnesseth that the parties hereto agree that, with respect to any real estate that they may own as co-owners in Colerain Township, Hamilton County, Ohio, they shall be guided by majority decision. Any and all decisions relating to said real estate, including decisions to sell or hold part or all of said real estate and relating to the use of said real estate (after the termination of the life estates) shall be made by majority decision of the co-owners. All of the undersigned agree that all shall be bound by majority decision with respect to said real

estate, and that any who are in the minority as to any decision will accept the majority decision.''

The balance of the short one and one-half page document concerns rights of first refusal, amendment by unanimous agreement, and other non-relevant matters.

Motions for summary judgment were filed by both parties, supported by way of authority solely by the foregoing agreement. After arguments and the submission of memoranda on the questions of law, the trial court dismissed defendants' motion and granted summary judgment for the plaintiff. Timely appeal was filed therefrom, with a single assignment of error presented for review, viz.: ''* * * that the court was in error in its conclusion that the agreement requiring majority decision for a sale of the premises did not bar a minority owner from a legal partition of the premises.''

As a threshold question, it is necessary first to determine whether the above agreement, assuming arguendo its validity and enforceability, effectively speaks to the issue of the right of an owner to seek partition. Clearly, the agreement purports to restrict the free exercise of the right of sale, but does not, on the other hand, expressly interdict the right of partition. Nevertheless, we hold that a covenant not to partition will be implied where an action in partition would nullify the efficacy of any underlying agreement.[1] So it seems to us here, where the covenant not to partition is not expressed, as such, but is clearly necessary in order to give effect to the underlying agreement requiring majority consent before the realty in question may be conveyed away to third persons.

We next pass to the fundamental question of whether the above agreement and its implied covenant is one which the public policy of this state has set its face against and is, as a result, unavailable as a defense to the instant ac-

---

[1] The Illinois case of *Rosenberg* v. *Rosenberg, infra,* speaks at length to the necessity of implying the unstated restraint on partition in order to render meaningful an underlying agreement whereby neither party was to sell his interest in certain realty without written consent of the other, and no sale of such realty was to be made except by joint agreement/consent of the parties. 413 Ill. at 344-347, 108 N. E. 2d at 767-768.

tion for partition. Contrary to the representations of both counsel, it would appear that this question is not entirely a matter of first impression in the courts of this state.

Thus, the Superior Court of Cincinnati held that "[w]here defendant seeks to bar plaintiff's right of action [for partition of real estate] by reason of a promise or agreement, which by the statute of frauds is required to be in writing, defendant's answer must show such promise or agreement to be in writing." *Jacob* v. *Fischer* (1898), 5 Ohio N. P. 419. Thereafter, in the case of *Bonadio* v. *Bonadio* (1933), 30 Ohio N. P. (N. S.) 470, where a husband and wife were parties to an agreement of separation whereby the husband agreed to pay to the wife a certain sum as her part of real estate of which they were seized in common, it was held that "in the absence of a provision avoiding the agreement in case of default by the husband, both parties continue[d] to be bound by the contract, and the interest of the wife * * * [could not] without the consent of the husband be reconverted * * * so as to sustain an action for partition of the property." (Syllabus.) In consequence of the foregoing, it appears to us that Ohio may be said to have long recognized, or at least inferred the validity of the concept that a co-tenant's right to partition can be bargained away by agreement. We would conclude therefrom, as well as from our review of authorities generally, that the covenant raised in defense of partition in the instant cause is not, as plaintiff urges, void per se as a restraint on alienability.

A study of the cases collected under Annotation, 37 A. L. R. 3rd 962, suggests to us, however, that in order for such a covenant barring partition to be valid and enforceable, certain criteria must be satisfied. These, it would seem to us, consist at a minimum of certain reasonable temporal limitations on the duration of the restriction. Thus, it would appear that New Jersey, New Mexico, Illinois, California and Alabama have arrived at the rule that a covenant not to partition is not void on its face where it does not, by its terms or construction, require a perpetual forebearance from the tenant-in-common's right to partition. The cases of *Michalski* v. *Michalski* (1958), 50

N. J. Super. 454, 142 A. 2d 645; *Prude* v. *Lewis* (1967), 78 N. M. 256, 430 P. 2d 753; *Rosenberg* v. *Rosenberg* (1952), 413 Ill. 343, 108 N. E. 2d 766; *Harrison* v. *Domergue* (1969), 274 Cal. App. 2d 19, 78 Cal. Rptr. 797; and *Smith* v. *Brasscale* (1925), 213 Ala. 387, 105 So. 199—individually and taken as a whole—stand for the proposition that the covenant not to partition is valid so long as a reasonable time limitation is stated therein, or may be derived therefrom. The rule occurs to us as useful and desirable, and we accordingly adopt it. Where, therefore, an agreement restricting partition or sale contains an express limitation to a term which is reasonably related to the *purposes* of the restriction, as discussed *infra*, the covenant should not be held contrary to public policy, and will be enforced.

This statement of the rule does not, however, serve to determine the instant cause, where no such express temporal limitation was set down in the writing signed by the parties. The agreement is silent as to its duration. Yet, we are persuaded that this deficiency need not prove fatal to the enforceability of a covenant, provided that the purpose of the agreement is set forth, or is fairly inferable, so that the trier of fact is furnished with the fundament for a finding of a reasonable time duration under the circumstances. Thus, if the purpose of an agreement is to respond in an orderly fashion to a specific offer of purchase from a third party, the duration of the limitation ought reasonably to be substantially less than an instance where the purpose was to permit efficient continuing husbandry of agricultural land. If these or similar purposes are found within the writing, we see no necessary impediment to a determination of a reasonable duration for the covenant in bar of partition, and the consequent remedy of an otherwise fatal defect.

Indeed, we so read what we conclude to be the better reasoned authorities in other jurisdictions. *Smith* v. *Brasseale*, *supra*, held that the determination as to what would be a reasonable time would "depend upon consideration of the lawful purposes for which the promise was made * * *." 213 Ala. at 388, 105 So. at 200. *Prude* v. *Lewis*, *supra*, made it clear that, inter alia, an understanding of the pur-

pose of the underlying contract was fundamental to the court's determination as to what length of time was reasonable.

Accordingly, we hold that in order to sustain the validity and enforceability of an agreement not to sell or partition realty, where no period of duration is expressly set forth in the writing, the agreement must contain evidence of the purpose for the restraint against sale or partition sufficient to permit the determination of a duration reasonably necessary to accomplish such purpose.

Returning to the agreement in the instant cause, it is immediately apparent that there is no inkling of what the purpose of the restraint might have been. Nor does the record, such as it is, shed any additional light on the matter.[2] Accordingly, in the absence of any evidence from which the trier of fact could determine the purpose of the underlying contract not to sell the realty without majority consent, it would be impossible for a court to make any decision as to the reasonableness of the restraint involved. In consequence thereof, the implied covenant not to partition is indeed void as an unreasonable restraint against alienation. It follows that the defendants' assignment of error is not well taken and that the decision appealed from must be affirmed.

*Judgment affirmed.*

SHANNON, P. J., and KEEFE, J., concur.

---

[2]Since the issue did not arise in the instant cause, we are not required to decide whether or not extrinsic evidence would be admissible in determining the purpose of a contract containing an express or implied restraint against partition. We need not and do not thus decide any question which might be raised by the statute of frauds, nor parol evidence questions, nor the question of whether the covenant not to partition will be given effect dependent upon facts and circumstances at the time when performance of the covenant is sought. Other vexatious questions discussed or raised in the authorities cited herein are similarly absent in the instant cause and therefore unnecessary for discussion here; e. g., whether or not a "consummated" covenant not to partition would be effective if oral, and whether or not parol evidence is available to provide purpose for the restraint in bar of partition, as opposed to the use of parol in the court's construction of the underlying contract, and/or the covenant, in order to make a determination of the reasonableness of the duration of the restraint.