IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 5, 2001 Session

## CONNIE L. McGAHEY v. JAMES M. WILSON

**Appeal from the Chancery Court for Davidson County**
**No. 99-2652-II     Carol McCoy, Chancellor**

**No. M2000-01931-COA-R3-CV - Filed July 17, 2001**

Upon divorce, the parties entered into an agreement that provided the parties would retain ownership as the marital residence as tenants in common, but could not sell the property without mutual consent. Mrs. McGahey now desires to partition the property over her former husband's objection. The special master found that the contract provision barring partition was unenforceable. The chancellor found the provision enforceable but only for a reasonable period of time (sixteen years). Mr. Wilson now appeals the trial court's judgment ordering partition by sale. Resolution of this appeal requires us to examine the effect of a contract barring partition between tenants in common when no time limitation or purpose for the restriction against sale was stated in the agreement. We hold the contract provision to be unenforceable.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Chancery Court**
**Affirmed as Modified**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

G. Dennis Jinkerson, Goodlettsville, Tennessee, for the appellant, James M. Wilson.

H. E. Miller, Jr., Gallatin, Tennessee, for the appellee, Connie L. McGahey.

### OPINION

The parties purchased approximately three acres of land together in 1975 and built a residence on it during their marriage. In 1984, the parties were divorced and entered into a Property Settlement Agreement which was incorporated in the final divorce decree. In the Property Settlement Agreement, the parties agreed to retain ownership of the property and residence as tenants in common. The pertinent portion of the parties' agreement provided:

The parties have agreed to retain joint ownership of said property as tenants in common after the granting of the divorce contemplated herein, with Wife to have

sole right of possession until her remarriage, at which time possession of the property shall revert to the Husband. The party in possession shall be the party responsible for the mortgage indebtedness, taxes, insurance, and maintenance on said property and shall indemnify and hold the other party harmless for same while he or she reside in said property. The parties further agree that the property cannot be sold unless agreed to by both parties hereto. Should the property be sold, the proceeds derived therefrom shall be divided equally between the parties. Both parties further agree not to encumber their one-half interest in the property at any time without the prior written consent of the other party.

After the divorce, Mrs. McGahey lived in the house with the three children of the parties from 1984 through 1993. In 1993, Mr. Wilson took possession of the house.

On September 17, 1999, Mrs. McGahey filed a complaint pursuant to Tenn. Code Ann. 25-27-101 seeking a partition by sale of the property. The trial court referred the case to a Special Master over the defendant's objection.

The Special Master filed her Report of the Master finding in pertinent part as follows:

Answer: The Master finds and recommends to the Court that the 1984 Property Settlement Agreement between the parties is contractual in nature. The agreement to divide possession of the marital home retains its contractual status, despite being incorporated into the circuit court's order. This is the case because the court does not have continuing statutory power to modify the terms of ownership and possession of the real property upon a change of circumstances. *Penland v. Penland*, 521 S.W.2d 222 (Tenn. 1975).

In the face of a lawsuit to partition the property however, the settlement agreement provision regarding possession is unenforceable. It illegally restrains the free alienation of property and is therefore against public policy.

Although there is no Tennessee case directly on point, the Tennessee Supreme Court has adopted the ". . . time-honored rule that the law favors the free and untrammeled use of property, and that restrictions in conveyances on the fee are always regarded unfavorably." *Central Drugstore v. Adams, et al*, 201 S.W.2d 682 (Tenn. 1947). *See also,* Wade R. Habeeb, Annotation, Contractual Provisions as Affecting Right to Judicial Partition, 37 A.L.R. 3d 962 (1971). A study of the cases collected in the Annotation reflect the majority view that enforceable restrictions upon the right to partition must be limited in time or have an implied time limitation. *See, e.v., Raisch v. Schuster*, 352 N.E.2d 657 (Ohio App. 1975). The facts in the case before this court reflect an agreement in which the restriction upon partition is in perpetuity: ". . . The parties further agree that the property cannot be sold unless agreed to by both parties hereto . . ." The Master finds that such perpetual restriction

against partition is against the rule adopted in this state and the majority rule elsewhere, and is unenforceable.

Finally, the Master finds and recommends that the property be sold for partition as it cannot be partitioned in kind.

Mr. Wilson objected to the Master's finding.

Mrs. McGahey filed a Motion to Confirm Report of the Master and Response to Objections to Master's Report.

On May 17, 2000, the chancellor entered an Order Granting Plaintiff's Motion to Confirm Report of the Master and Defendant's Objections in Part stating:

> After hearing argument of counsel and after having reviewed the entire record, the Court has concluded that the Plaintiff's Motion should be granted and that the Defendant should be granted relief in regard to one of his Objections.
>
> . . . .
>
> The Master found that this provision was unenforceable. The Court has determined that such a bar may be enforced for a reasonable period of time. The Court has determined that the parties did anticipate that the property would be sold at some point in time. The parties were divorced in 1984. The Plaintiff resided on the property for approximately nine years pursuant to the provisions of the Property Settlement Agreement, and the Defendant has resided on the property for approximately seven years. A life tenancy was not anticipated by the parties, as the Defendant only has the right to possess the property. Approximately sixteen years has passed since the parties were divorced. The Court finds that sixteen years constitutes a reasonable time. As a reasonable period of time has passed, the Court finds that the property may now be partitioned and that the partition should be by auction sale.

This appeal follows.

Mr. Wilson argues that the portion of the Property Settlement Agreement stating that the "property cannot be sold unless agreed to by both parties hereto" constitutes a bar to partition and that the agreement is enforceable based upon a logically implied reasonable period of time other than sixteen years.

This hearing is on appeal from the findings of the Chancellor and the Special Master. A trial court's referral of certain matters to a Special Master can affect the standard of review on appeal. "A concurrent finding of fact by a Master and a trial court is conclusive on appeal, except where it

is upon an issue not properly to be referred, where it is based on an error of law or a mixed question of fact and law, or where it is not supported by any material evidence." *Mandrell v. McBee*, No. M2000-00108-COA-R3-CV, 2000 WL 1753070 at * 5 (Nov. 30, 2000 Tenn.Ct.App.); *Long v. Long*, 957 S.W.2d 825, 828 (Tenn.Ct.App. 1997); *Aussenberg v. Kramer*, 944 S.W.2d 367, 370 (Tenn.Ct.App. 1996); *Archer v. Archer*, 907 S.W.2d 412, 415 (Tenn.Ct.App. 1995).

There is no presumption of correctness with the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn. 1996).

The central issue on appeal is the review of the Chancellor's conclusion of law with regard to the enforceability of the property agreement.

In this case, Mr. Wilson asks us to review the trial court's finding of law which is contrary to that of the Special Master's finding of law. Thus, we review de novo with no presumption of correctness.

The significant issue on appeal is whether the partition can be had against the will of one of the tenants in common, Mr. Wilson.

Tennessee Code Annotated section 29-27-101 provides:

Any person having an estate of inheritance, or for life, or for years, in lands, and holding or being in possession thereof, as tenant in common or otherwise, with others, is entitled to partition thereof, or sale for partition, under the provisions of this chapter.

Generally, a tenant in common, is entitled to partition, or sale for partition. *Yates v. Yates*, 571 S.W.2d 293 (Tenn. 1978); Tenn. Code Ann. § 29-27-101. From the plain language of the statute, it appears that a tenant in common has a right to withdraw from a co-tenancy at any time for whatever reason fostering the principal of free alienability of property, although, generally, this right is not absolute where the parties have contracted otherwise.

"It is the policy of the law to give each person his own severalty and not to force him to continue in partnership with another." *Nicely v. Nicely*, 41 Tenn. App. 179, 293 S.W.2d 30, 32 (1956); *see also Bunch v. Bunch*, No. 02A01-9705-CH-00106, 1998 WL 46217 at * 3 (Jan. 8, 1998 Tenn.Ct.App.).

"Partition will not be granted in violation of an express or implied agreement not to partition the property where the agreement covers only a reasonable period of time and is otherwise valid, binding, and effective." 68 C.J.S. *Partition* § 26 (1998). "Courts of other states have denied partition in cases where a co-tenant has entered into an agreement not to partition." *Bunch* at * 3. (citing *Wade R. Habeeb,* Annotation, *Contractual Provisions as Affecting Right to Judicial Partition*,

37 A.L.R.3d 962 (1971)).  In this case, there is an express agreement not to sell unless both parties agree.  The agreement is silent as to its duration and purpose for restraint.

"Where the contract not to partition is silent as to the length of time, it is effective, the courts do not appear to be entirely consistent as to whether to hold it void as being a perpetual suspension, or to hold it valid as being a suspension for a limited time."  37 A.L.R.3d § 8b.

In an analogous context, the Court of Appeals of Ohio delineated the problem.

> The present case involves issues sufficiently important to warrant some preliminary observations on the analytic framework appropriate to cases of the type *sub judice*.
> Two vigorous, sometimes conflicting policies compete for predominance in our law.  The litigation produced as a consequence is not uncommon, nor are the legal issues unresolvable, once the nature of the conflict is properly understood.  Fundamentally, the confrontation is not between lender and borrower or between mortgagee and mortgagor.  The apparent antagonism in those relationships is only a surface manifestation of a deeper, systemic tension.  Cf. *Dunham v. Ware Sav. Bank* (1981), 384 Mass. 63, 423 N.E.2d 998, 1003-1004.  The genuine conflict is between freedom of alienation and freedom of contract; the ability to transfer property free from unreasonable restraints thereon versus the liberty of parties to enter into voluntary, binding agreements and to expect enforcement of bargained-for rights.  It has been suggested that the weight of authority favors freedom of alienation.  See, generally, Annotation (1976), 69 A.L.R.3d 713, 724, 731-737.

> As a general matter, of course, the law disfavors restraints on alienation, unless reasonable, and in close cases that construction will be adopted which most favors free alienability and the right to convey.

*First Fed. Sav. & Loan v. Perry's Landing*, 463 N.E.2d 636 (Ohio App. 1983).

Both parties in this case agree that a perpetual forbearance of the right of a tenant in common to partition of land even though specifically contracted between the parties cannot prevail as such would constitute an unreasonable restraint on the alienation of property.  Three problems are immediately apparent from a consideration of this record.  (1) In the contract the parties agree not to sell the property without mutual consent.  (2) The contract provides no time limitation on this agreement. (3) The record provides no evidence as to the reasons prompting the parties to make this agreement.

The Special Master in holding this provision of the agreement to be void relied on *Raisch v. Schuster*, 352 N.E.2d 657 (Ohio App. 1975).  In *Schuster*, the court, after recognizing the universal rule that perpetual forbearance to partition attempted by contract is void and that such contracts are enforceable only for a reasonable time held:

Accordingly, we hold that in order to sustain the validity and enforceability of an agreement not to sell or partition realty, where no period of duration is expressly set forth in the writing, the agreement must contain evidence of the purpose for the restraint against sale or partition sufficient to permit the determination of a duration reasonably necessary to accomplish such purpose.

Returning to the agreement in the instant cause, it is immediately apparent that there is no inkling of what the purpose of the restraint might have been. Nor does the record, such as it is, shed any additional light on the matter. Accordingly, in the absence of any evidence from which the trier of fact could determine the purpose of the underlying contract not to sell the realty without majority consent, it would be impossible for a court to make any decision as to the reasonableness of the restraint involved. In consequence thereof, the implied covenant not to partition is indeed void as an unreasonable restraint against alienation.

*Raisch v. Schuster*, 352 N.E.2d 657, 660 (Ohio App. 1975).

In modifying the Master's finding and determining that sixteen years was a "reasonable" time, thus validating the agreement in this case, the chancellor held:

The court has determined that the parties did anticipate that the property would be sold at some point in time. The parties were divorced in 1984. The plaintiff resided on the property for approximately nine years pursuant to the provisions of the Property Settlement Agreement, and the defendant has resided on the property for approximately seven years. A life tenancy was not anticipated by the parties, as the defendant had only the right to possess the property. Approximately sixteen years has passed since the parties were divorced. The court finds that sixteen years constitutes a reasonable time. As a reasonable period of time has passed the court finds that the property may now be partitioned and that the partition should be by auction sale.

Like the *Raisch* case, the record discloses absolutely no evidence as to the reasons motivating these parties to make this agreement.

There is a line of authority led by North Carolina as articulated in *Diggs v. Diggs*, 446 S.E.2d 873 (N.C.App. 1994) which finds that the length of the life of a party to the agreement implicitly limits the time of its enforceability and is therefore not an unreasonable restraint on alienation. In the *Diggs'* case, the agreement simply provided that the wife should continue to occupy the marital home and be responsible for making the mortgage payment while living in the marital home. It did not purport to deprive the husband co-tenant of the right to sell his undivided interest by voluntary sale made subject to the agreement. In the case at bar, not only does the agreement have no time limitation but it also prohibits the non-possessory tenant in common indefinitely from the power even to encumber his one-half undivided interest in the property.

The North Carolina rule effectively converts a simple right of possession into a life estate on a finding that the respondent's right to occupy the house "can last no longer than his lifetime, thus implicitly limiting the duration of the waiver of the right to partition. The agreement did not unreasonably limit the petitioner's right to partition and was effective to waive that right." 446 S.E.2d 873, 877 (N.C.App. 1994).

In view of Tennessee's long standing commitment to the free alienation of property as set forth in Tennessee Code Annotated Section 29-27-101 and in *Nicely v. Nicely*, 293 S.W.2d 30, 32 (Tenn.Ct.App. 1956), we believe that *Raisch v. Schuster, et al.,* 352 N.E.2d 657 (Ohio App. 1975) provides the rule that should control in this case.

In the words of *Raisch*:

A study of the cases collected under Annotation, 37 A.L.R.3rd 962, suggests to us, however, that in order for such a covenant barring partition to be valid and enforceable, certain criteria must be satisfied. These, it would seem to us, consist at a minimum of certain reasonable temporal limitations on the duration of the restriction. Thus, it would appear that New Jersey, New Mexico, Illinois, California and Alabama have arrived at the rule that a covenant not to partition is not void on its face where it does not, by its terms or construction, require a perpetual forebearance from the tenant-in-common's right to partition. The cases of *Michalski v. Michalski* (1958), 50 N.J.Super. 454, 142 A.2d 645; *Prude v. Lewis* (1967), 78 N.M. 256, 430 P.2d 753; *Rosenberg v. Rosenberg* (1952), 413 Ill. 343, 108 N.E.2d 766; *Harrison v. Domergue* (1969), Cal.App.2d 19, 78 Cal.Rptr. 797; and *Smith v. Brasseale* (1925), 213 Ala. 387, 105 So. 199__ individually and taken as a whole – stand for the proposition that the covenant not to partition is valid so long as a reasonable time limitation is stated therein, or may be derived therefrom. The rule occurs to us as useful and desirable, and we accordingly adopt it. Where, therefore, an agreement restricting partition or sale contains an express limitation to a term which is reasonably related to the *purposes* of the restriction, . . . , the covenant should not be held contrary to public policy, and will be enforced.
. . .

Accordingly, we hold that in order to sustain the validity and enforceability of an agreement not to sell or partition realty, where no period of duration is expressly set forth in the writing, the agreement must contain evidence of the purpose for the restraint against sale or partition sufficient to permit the determination of a duration reasonably necessary to accomplish such purpose.

352 N.E.2d 657, 659-60 (Ohio Ct.App. 1975).

In the case at bar, the agreement provides no time limitation and the record provides no basis other than speculation and guesswork as to the intention of the parties in making the agreement. As

a consequence, like in *Raisch*, the agreement constitutes an unreasonable restraint against alienation and cannot be upheld.

Since the result of the Chancellor's decision is to sustain the right of Mrs. McGahey to immediate partition and our holding that the agreement, under the circumstances, constitutes an unreasonable restraint on the alienation of property produces the same results, we modify the judgment of the Chancellor on the basis stated herein and affirm the judgment of partition.

Costs of this cause are assessed against the appellee.

_____
WILLIAM B. CAIN, JUDGE