[Cite as *Taylor v. Taylor*, 2018-Ohio-1571.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| JANIS TAYLOR, TRUSTEE, | : | |
| | | CASE NOS. CA2017-05-061 |
| Plaintiff-Appellant, | : | CA2017-05-067 |
| | : | O P I N I O N |
| - vs - | | 4/23/2018 |
| | : | |
| JAMES W. TAYLOR, JR., et al., | : | |
| Defendants-Appellees. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. 2015-CV-07-1709


Robinson & Jones Co., LPA, Tara R. Jones, 14 West Park Place, Suite D, Oxford, Ohio 45056 and Martin, Browne, Hull & Harper, PLL, One Main Street, Suite 800, P.O. Box 1488, Springfield, Ohio 45501-1488, for plaintiff-appellant, Janis Taylor

Taft Stettinius & Hollister LLP, Patrick J. Krebs, 200 Public Square, Suite 3500, Cleveland, Ohio 44114 and Jonathan O. Nerenberg, 246 High Street, Hamilton, Ohio 45011, for plaintiff-appellant, Three Valley Conversation Trust

Stephen C. Lane, 7419 Kingsgate Way, Suite A, West Chester, Ohio 45069, for defendants-appellees, James W. Taylor, Jr. and Susan Taylor


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Janis Taylor, appeals the decision of the Butler County Court of Common Pleas granting partial summary judgment in favor of defendants-appellees, James Taylor and Susan Taylor. In addition, the Three Valley Conservation Trust ("Trust")

appeals the grant of partial summary judgment in favor of appellees. For the reasons detailed below, we reverse the decision of the trial court and remand for further proceedings.

{¶ 2} Janis and appellees are the tenant-in-common owners of certain land ("Property") in Oxford Township located in Butler County, Ohio. The approximate 76.68-acre Property is encumbered by a conservation easement, dated July 31, 2003 in favor of the Trust.

{¶ 3} Janis commenced this action seeking appraisal and sale of the Property. In her complaint, Janis alleged that this partition action was necessary because the Property cannot be "divided" because it is subject to the conservation easement owned by the Trust. The conservation easement provides, in pertinent part:

> 1. **Grant of Easement**. Pursuant to the laws of Ohio, and in particular Sections 5301.67 through 5301.70 of the Ohio Revised Code, Grantor hereby voluntarily grants and conveys to Grantee a conservation easement in perpetuity over the Property of the nature and character and to the extent hereinafter set forth ("Easement").
>
> 2. **Purpose**. It is the purpose of this Easement to assure that the Conservation Values of the Property will be preserved, and that the Property will be retained forever in its natural and agricultural condition; and to prevent any use of the Property that will significantly impair or interfere with the Conservation Values of the Property or that are consistent with the purpose of this Easement.
>
> * * *
>
> 5. **Prohibited Uses**. Except to the extent that activities and uses are authorized in this Easement, any activity on or use of the Property inconsistent with the Conservation Values, or with the purpose of this Easement, is prohibited. Without limiting the generality of the foregoing, the following activities and uses are expressly prohibited throughout the Property unless they are permitted elsewhere in this agreement.
>
> * * *
>
> 5.4 **Subdivision** - The legal subdivision of the Property, recording of a subdivision plan, partition, or any other division of

the Property into two or more parcels, is prohibited.

\* \* \*

17. **General Provisions**.

\* \* \*

17.2 **Liberal Construction**. Any general rule of construction to the contrary notwithstanding, this Easement shall be liberally construed in favor of the grant to effect the purpose of this Easement and the policy and purpose of Sections 5301.67 through 5301.70 of the Ohio Revised Code. If any provision in this instrument is found to be ambiguous, an interpretation consistent with the purpose of this Easement that would render the provision valid shall be favored over any interpretation that would render it invalid.

17.3 **Severability**. If any provision of this Easement, or the application thereof to any person or circumstance, is found to be invalid, the remainder of the provisions of this Easement, or the application of such provision to persons or circumstances other than those as to which it is found to be invalid, as the case may be, shall not be affected thereby.

{¶ 4} On January 4, 2017 appellees moved for partial summary judgment. In their motion, appellees argued that the conservation easement's restriction on subdivision contained in paragraph 5.4 is an invalid and unreasonable restraint on alienation under Ohio law because it does not contain a reasonable temporal limitation. Janis and the Trust filed separate memoranda in opposition.

{¶ 5} Following review, the trial court granted partial summary judgment in favor of appellees after concluding that "perpetual restrictions on partition are unenforceable." Therefore, the court reasoned that the subdivision restriction contained in paragraph 5.4 was invalid. As a result, the trial court applied the severability clause contained in paragraph 17.3 of the conservation easement to "permit the invalid portion [paragraph 5.4] to be stricken while the remainder of the easement remains in full force and effect." The trial court reasoned:

The Court has considered all the facts in favor of Plaintiff and [the Trust]. As a matter of law, perpetual restrictions on partition are unenforceable. Neither Plaintiff nor [the Trust] set forth any contractual provision, legal authority or even underlying policy purpose *contra* the conservation purpose set forth in U.S.C.A. 170(h)(4) which allows the Court to find a perpetual restriction on the right to partition the property to be valid in general, or even necessary in this case. While the conservation easement itself is valid, and may continue in perpetuity, the portion of the easement specifically restricting partition (¶ 5.4) is not, pursuant to *Raisch v. Schuster* and its progeny.

{¶ 6} Janis and the Trust both appeal. Janis raises one assignment of error, while the Trust raises two assignments of error.

{¶ 7} Janis' sole assignment of error:

{¶ 8} THE TRIAL COURT ERRED BY FINDING THAT THE RESTRICTION IN PARAGRAPH 5.4 OF THE CONSERVATION EASEMENT IS UNENFORCEABLE AS A MATTER OF LAW BECAUSE IT IS NOT LIMITED IN DURATION.

{¶ 9} The Trust's first assignment of error:

{¶ 10} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES BECAUSE PERPETUAL SUBDIVISION RESTRICTIONS CONTAINED IN CONSERVATION EASEMENTS ARE VALID AND ENFORCEABLE UNDER OHIO LAW.

{¶ 11} The Trust's second assignment of error:

{¶ 12} THE TRIAL COURT EXCEEDED ITS AUTHORITY UNDER CIV.R. 56(C) WHEN IT WEIGHED EVIDENCE, RESOLVED DISPUTED ISSUES OF MATERIAL FACT, AND GRANTED SUMMARY JUDGMENT AGAINST TVCT.

{¶ 13} All assignments of error are interrelated and will be addressed together. Following review, we find the trial court erred by granting partial summary judgment in favor of appellees.

{¶ 14} This court reviews summary judgment decisions de novo, which means we

review the trial court's judgment independently and without deference to the trial court's determinations, using the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion which is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 15} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Robinson v. Cameron*, 12th Dist. Butler No. CA2014-09-191, 2015-Ohio-1486, ¶ 9. Once this burden is met, the nonmoving party has a reciprocal burden to set forth specific facts showing there is some genuine issue of material fact yet remaining for the trier of fact to resolve. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8.

{¶ 16} As noted above, the trial court found that paragraph 5.4 of the conservation easement was a "perpetual restriction on the right to partition the property" that was neither "valid in general, [n]or even necessary." As a result, the trial court found that the restriction prohibiting subdivision was unenforceable. The practical effect of the trial court's decision is that the single parcel of land may be subdivided into two parcels and separately sold with each parcel subject to the conservation easement.[1]

{¶ 17} Janis maintains the subdivision restriction contained in the conservation

---

1. The trial court did not resolve whether the Property *should* be divided into two or more parcels, but merely that it could. That issue is stayed pending this appeal.

- 5 -

easement prohibits the division of the Property into two or more parcels. As a result, Janis sought partition under R.C. Chapter 5307. Janis requests that the court appoint an appraiser to determine the value of the Property, which would then allow either cotenant to purchase the remaining fractional interest or provide for the sale of the Property as a whole.

{¶ 18} The Trust also contends that the conservation easement prohibits the division of the Property into two or more parcels. The Trust asserts that the Property is essentially divided into four areas: (1) a woodland/riparian corridor area, (2) an agricultural area, (3) an area for a potential residence, and (4) a transitional greenspace area. In order to achieve the stated purpose of the conservation easement, the Trust has the right to enter the Property to ensure compliance with the conservation easement. The trust maintains that the subdivision restriction is essential for the purposes of the conservation easement:

> [T]he subdivision restriction helps ensure that the property has only one residence and related infrastructure in order to minimize impacts on the property, that the property will be managed by one owner in order to eliminate conflicts about land management between multiple owners, and that the property will not be developed for any residential, industrial, or commercial purposes. It also reduces the administrative costs required to monitor the property. Thus, the subdivision restriction is an appropriate measure to achieve the purposes listed in R.C. 5301.67(A) of retaining the property in its "natural, scenic, open, or wooded condition" and as a "suitable habitat for fish, plants, or wildlife."

{¶ 19} The trial court's decision relied on *Raisch v. Schuster*, 47 Ohio App. 2d 98 (1st Dist.1975). In that case, the First District Court of Appeals found that an agreement restricting the right to partition property was impermissible.

{¶ 20} *Raisch* involved a property owned by 21 cotenants. *Id.* Each cotenant agreed that any decision relating to the property, including the decision to sell, required a majority vote of the 21 cotenants. *Id.* at 98-99. Though the court recognized that a cotenant may agree to limit the right to partition or sell property, the court found that any such agreement was subject to "reasonable temporal limitations on the duration of the restriction." *Id.* at 100.

- 6 -

A reasonable temporal limitation may be expressed or inferred from the purpose of the restriction. *Id.* at 101. As a result, the court held:

> [W]e hold that in order to sustain the validity and enforceability of an agreement not to sell or partition realty, where no period of duration is expressly set forth in the writing, the agreement must contain evidence of the purpose for the restraint against sale or partition sufficient to permit the determination of a duration reasonably necessary to accomplish such purpose.

*Id.* at 102.

{¶ 21} The First District revisited that opinion in *Head v. Evans*, 1st Dist. Hamilton No. C-790831, 1981 Ohio App. LEXIS 13840 (Feb. 11, 1981). In *Head*, the court distinguished its prior holding in *Raisch* after noting that the agreement in *Raisch* effectively prohibited the sale or partition of real property without the consent of the majority. *Id.* at *14. Such an agreement operated as an absolute restraint upon alienability unless there was majority agreement. *Id.* The court found that the restriction in *Raisch* was "void as against public policy because there was no evidence of the purpose of the underlying agreement and, thus, no way to determine a reasonable duration by which to measure its enforceability." *Id.*

{¶ 22} In contrast to the restriction in *Raisch*, the agreement in *Head* involved an original tract of land that was subdivided into four separate tracts. *Id.* at *2. The first tract contained a restriction that only one single family residence with "necessary outbuildings" could be built on the tract. *Id.* Several years later, the owner of the first tract of land constructed a guesthouse on the tract. *Id.* at *3.

{¶ 23} The owners of the adjoining tracts of land initially brought suit to halt the construction of the guesthouse, but following negotiations, the parties agreed that the guesthouse could be built, but only on condition that the guesthouse could not be conveyed separately from the first tract of land. *Id.*

{¶ 24} Years later, the owner of the first tract attempted to sell the guesthouse

separately in violation of the prior agreement. *Id.* at \*5. The attempted purchaser of the guesthouse, citing *Raisch*, argued that the prior agreement was against public policy as an undue restraint on alienability. *Id.* at \*13.

{¶ 25} The First District disagreed with the attempted purchaser and held that the prior agreement was not unenforceable. *Id.* at \*15. In so doing, the court distinguished *Raisch* as involving "an absolute restraint upon alienability," and stated:

> The Restriction in *Raisch* is thus clearly distinguishable from that in the instant cause. Here, the 1962 agreement did not impose anything approaching an absolute restraint upon the conveyance of the burdened property; it simply prohibited the owner of the tract from carving out a smaller parcel including the guest house and conveying that parcel to a separate purchaser. Such a restriction without doubt affected the value of the property and the manner in which it could be transferred, but we cannot say that its impact unreasonably restrained alienability, and thus violated public policy. Viewing it in its proper context as a restrictive covenant equitably running with the land, we are convinced that the failure to provide for a finite period of duration did not prevent its enforcement in the absence of a material change in circumstances.

*Id.* at \*14-15.

{¶ 26} The conservation easement in this case is more akin to the restrictive covenant in *Head* than the absolute restraint on alienability in *Raisch*. In this case, the conservation easement does not restrict the sale of the Property, but merely prohibits the division of the Property into two or more parcels. Furthermore, unlike *Raisch*, in this case the parties expressly stated the conservation easement was for the purpose of conservation of the land and was to extend in perpetuity. In exchange for this perpetual easement right, the Trust agreed to pay James Taylor $30,000 as consideration.

{¶ 27} We similarly find *Raisch* to have limited applicability to this case, as it was decided prior to the adoption of Ohio's conservation easement statutes. Janis and appellees expressly granted and conveyed the conservation easement to the Trust "pursuant to the

laws of Ohio, and in particular Sections 5301.07 through 5301.70 of the Ohio Revised Code." The parties also agreed in paragraph 17.2 that the conservation easement "shall be liberally construed in favor of the grant to effect the purposes of this Easement and the policy and purpose of Sections 5301.67 through 5301.70 of the Ohio Revised Code."

{¶ 28} No party disputes that the Trust holds a valid conservation easement on the Property. The term "conservation easement" is defined in R.C. 5301.67(A), which states:

> [A]n incorporeal right or interest in land that is held for the *public purpose of retaining land, water, or wetland areas predominantly in their natural, scenic, open, or wooded condition*, including, without limitation, the use of land in agriculture when consistent with and in furtherance of the purpose of retaining those areas in such a condition, *or retaining their use predominantly as suitable habitat for fish, plants, or wildlife; that imposes any limitations on the use or development of the areas that are appropriate at the time of creation of the conservation easement to achieve one or more of those purposes*; and that includes appropriate provisions for the holder to enter the property subject to the easement at reasonable times to ensure compliance with its provisions.

(Emphasis added.) R.C. 5301.69(B) further provides that charitable organization like the Trust may hold a conservation easement for "the preservation of land areas for public outdoor recreation or education, or scenic enjoyment; the preservation of historically important land areas or structures; or the protection of natural environmental systems."

{¶ 29} In sum, a review of the pertinent statutes reveals that the Legislature enacted these provisions for the "public purpose of retaining land, water, or wetland areas predominantly in their natural, scenic, open, or wooded condition." Considered in light of the conservation easement statutes, the agreement restricting subdivision of the Property would not be contrary to public policy or inconsistent with the public policy expressed in the legislation. Moreover, the subdivision restriction does not amount to an undue restraint on alienability. The subdivision restriction contained in paragraph 5.4 merely prohibits the owner from dividing the parcel into two or more parcels.

**{¶ 30}** As a result, we find the trial court erred by relying on *Raisch* and finding that the subdivision restriction contained in paragraph 5.4 of the conservation easement was invalid. Therefore, we sustain Janis' and the Trust's first assignments of error.

**{¶ 31}** The Trust's second assignment of error alleges the trial court improperly weighed evidence in resolving this matter on summary judgment. However, in light of our resolution of Janis' and the Trust's first assignments of error, that issue is now moot.

**{¶ 32}** Judgment reversed and remanded.

PIPER and M. POWELL, JJ., concur.