Burdett and Wife v. Norwood.

GEORGE M. BURDETT and WIFE v. J. W. NOR-
WOOD et al.

1. PARTITION OF LAND. Commissioners. Duty. The duty of commissioners appointed to make a partition is to make partition of the land in kind exactly equal in value if possible, and if this cannot be done, then as nearly equal as they can.

2. SAME. Same. Same. The commissioners in partition, under the Code, section 3283, which authorizes them, if exact partition cannot be

made without material injury to the parties, or some one of them, to charge the larger shares with the sums necessary to equalize the shares, cannot compel an unwilling party to pay money, or part with any portion of his land for money unless the exigency of the statute is shown to exist by their report of the facts.

3. SAME. *Same. Same. Report.* The report of commissioners in partition is in the nature of a special verdict, and must state facts, not mere conclusions, so that the court may judge of the sufficiency of the reasons assigned for the action.

4. SAME. *Same.* A family settlement by which the realty of infants is changed into money, cannot be made in a suit for the partition of land, through the commissioners appointed to make partition.

FROM LOUDON.

Appeal from the Chancery Court at Loudon. W. B. STALEY, Ch.

LUCKEY & YOE for defendants.

LOGAN and CHAMBERS & PRITCHARD for defendants.

COOPER, J., delivered the opinion of the court.

W. A. Lenoir died intestate, leaving a large landed estate in Loudon county, and as his sole heirs a daughter, the complainant, Eliza H. Burdett, wife of complainant, George M. Burdett, and the three minor children of a deceased daughter, namely, the defendants, Louisa L. Norwood, Avery Norwood, and Eliza J. Norwood, for whom their father, the defendant, J. W. Norwood, is general guardian. This bill was filed by Burdett and wife against the minors for partition of the land. The chancellor appointed commissioners to make partition, the shares of the minors, all of whom are under ten years of age, to be set apart to them jointly, not in severalty. Out of the 2,839$\frac{7}{30}$

acres to be divided, the commissioners allotted to Burdett and wife 1,778 acres at a valuation of $36,-000, and allotted to the infants 1,061$\frac{7}{30}$ acres at a valuation of $12,000, and charged the share of Burdett and wife with $12,000 in favor of the infants to equalize the shares. The defendants, by their guardian, excepted to the report of the commissioners:

1. Because they were entitled to one-half of the land in value, whereas the commissioners, without sufficient reason, had given them only one-fourth.

2. Because the commissioners, instead of allotting to the infants their one-half of the land in kind, in effect, at a price fixed by them, sold the interest of the infants in 1,778 acres of the land without sufficient reason.

The chancellor disallowed the exceptions, and confirmed the report, making partition accordingly, and the infants appealed.

The report of the commissioners shows that they allotted to Eliza H. Burdett land as follows:

| | | | |
|---|---|---|---|
| 1. | Original Lenoir tract, | 1,100 acres. | |
| 2. | Clowney tract | 415 " | at $35,000. |
| 3. | Dunn tract | 188 " | |
| 4. | Vineyard tract | 75 " | at 1,000. |
| | | 1,778 | $36,000. |

And allotted to the infants:

| | | | |
|---|---|---|---|
| 1. | Powell tract | 347$\frac{3}{4}$ acres. | at $ 7,000. |
| 2. | Shinpaugh tract | 713$\frac{7}{10}$ " | at 5,000. |
| | | 1,061$\frac{7}{30}$ | $12,000. |

The entire valuation of the land amounts to $48,-000, of which the infants get one-fourth in kind.

In their report the commissioners say: "In making the above described partition, we were satisfied that

exact partition could not be made without material injury to all the parties interested, especially the minor heirs, and that the said partition as made by us was as nearly equal as we could make it; and that it would be better to give the difference in money, secured by a lien on real estate, to the minor heirs, than an excess in land. Hence, we put the land into these shapes, and assign them to the parties for the following reasons: We assigned the home tract to Eliza H. Burdett for the reason that this tract could not be divided, nor could any part thereof be taken off and attached to another portion without material injury to the value of the farm, as the railroad runs through it, cutting off on one side almost all the running water; and also for the reason that the proportion of rollng land and river bottom is such that they should not be separated, and that this undivided tract, requiring careful cultivation to prevent deteroriation in value, would be much better assigned to Eliza Burdett than to the minor heirs. We assigned the Dunn and Vineyard tracts to Eliza H. Burdett, for the reason that it was not a tract that could be rented out so as to yield any revenue, and could only be of value in this partition when controlled in connection with the home tract."

The provisions of the Code regulating the subject of partition contains this section: "If the commissioners are satisfied that exact partition cannot be made without material injury to the parties, or some one of them, they may make the partition as nearly equal as they can,. and charge the larger shares with

the sums necessary to equalize all the shares, and report the facts": Code, sec. 3283. The duty of the commissioners is to make partition of the land in kind exactly equal in value if possible, and if this cannot be done without injury to one or more of the parties, then "as nearly equal as they can." They cannot make an unwilling tenant in common pay money to equalize the shares unless the exigency of the statute exists, nor can they compel a tenant to part with his land for money except in a like exigency. Their report is in the nature of a special verdict, and must state the facts, not mere conclusions, so that the court may judge of the sufficiency of the reasons assigned : *Hardin* v. *Cogswell,* 5 Heis., 549.

When we look to the report of the commissioners, we find that the reason assigned for the allotment to Eliza H. Burdett of the Dunn and Vineyard tracts is mere matter of opinion, that it could not be rented out so as to yield any revenue, and that it could only be of value when controlled with the home tract. The same may be said of their assertion that the proportion of rolling land and river bottom of the home tract should not be separated. They should have stated the proportion of these lands, and how they lie, having a survey made, if necessary. And the only reason assigned for keeping the 1,778 acres together is that "the railroad runs through it, cutting off on one side almost all the running water." But the fact stated is wholly insufficient to show that so large a body of land may not be divided. The ex-

ceptions to the report are clearly well taken, and should have been sustained.

The course of the commissioners has, no doubt, been taken, and their report made, in accordance with the wishes of the adult parties, the father representing his infant children. The partition made is in reality a family settlement, supposed, we doubt not in all sincerity, to be manifestly for the interest of the infant defendants. But the provisions of the Code in relation to the partition of land were not intended for any such purpose, or to effect a sale of the land of infants because for their benefit or interest. They were designed to secure partition in kind, and the authority to charge the larger shares with sums necessary to equalize can only be exercised when an exigency for unequal partition clearly exists. It is scarcely conceivable that such an exigency can ever arise which would justify an unequal partition to the extent of one-half of the interest of a tenant in common in land, especially where the land is in several tracts and large bodies. There are special provisions of the Code to effect the sale of the land of infants when manifestly for their interest, which carefully guard their rights, and which must be pursued with reasonable strictness.

The chancellor's decree will be reversed, and the report of the commissioners as to the $2,839\frac{7}{30}$ acres set aside, and the cause remanded for further proceedings. The decree will be allowed to stand as to the residue of the report not excepted to. The complainants will pay the costs of this court.