IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2024

## JERRY GREEN v. CYNTHIA PANTER, ET AL.

**Appeal from the Chancery Court for Hamilton County**
No. 20-0681      Pamela A. Fleenor, Chancellor

_____

**No. E2022-01447-COA-R3-CV**

_____

This is a partition in kind action. The three owners of 68 acres entered into a joint stipulation appointing three commissioners to partition the property into three separate parcels. Thereafter, the commissioners filed a written report with a survey that allocated 32.4 acres to the plaintiff Jerry Green, 17.8 acres to the defendant Robert Hale, and 18.1 acres to the defendant Cynthia Panter. After the defendants filed exceptions to the commissioners' report, the parties agreed to have one of the commissioners testify to state the commissioners' factual findings and reasoning. Pursuant to the parties' agreement, Commissioner Bill Haisten testified in open court, explaining, in part, that more acreage was partitioned to the plaintiff because much of the parcel allocated to him is hilly and rocky and another large portion of the plaintiff's parcel is encumbered by a TVA power line easement. Commissioner Haisten also testified that while the three partitioned parcels are not equal in area, they are equal in fair market value. Based upon these additional facts, the trial court concluded that the partitioning of the property by the commissioners should be confirmed. The defendants appeal, contending, inter alia, that without sufficient proof of either the value of the property partitioned or of the evaluations from which the commissioners derived their partition division, the trial court erred in confirming the commissioners' report. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

James W. Clements, III, Chattanooga, Tennessee, for the appellants, Cynthia Panter and Robert Hale.

William H. Horton and Carol M. Ballard, Chattanooga, Tennessee, for the appellee, Jerry Green.

# OPINION

## FACTS AND PROCEDURAL HISTORY

Peggy Hale ("Mrs. Hale") died on March 29, 2018. She was the wife of defendant Robert Hale ("Mr. Hale") and mother to plaintiff Jerry Green ("Mr. Green"), and defendant Cynthia Panter ("Ms. Panter"). At the time of her death, Mrs. Hale owned approximately 68 acres of land that surrounded the home that she jointly owned as tenants by the entirety with her husband, Mr. Hale, and that adjoined properties separately owned by plaintiff Mr. Green and defendant Ms. Panter. Although the parties knew that Mrs. Hale had executed a will in 2017, no will was found. Thus, it was presumed that Mrs. Hale had died intestate. The parties to this action are the three heirs to Mrs. Hale's estate. As a consequence of the intestacy, each party inherited an undivided one-third interest in the 68-acre tract of property that Mrs. Hale owned at the time of her death.

Two years later, on October 1, 2020, Mr. Green filed a partition petition naming Ms. Panter and Mr. Hale as co-owners of the property. Thereafter, the parties agreed that partition in kind was preferred and, by agreed order, a panel of three commissioners was appointed to partition the property in kind.

The commissioners submitted a written report, which was short on facts but consisted of a survey that designated in detail the parcel each party was awarded. Defendants Mr. Hale and Ms. Panter objected to the report on the grounds that the written report provided no factual basis for the disparate division of property, where Mr. Green received 32.4 acres while Mr. Hale received 17.8 acres and Ms. Panter received 18.1 acres. The parties then agreed that one of the commissioners would be called to testify at an evidentiary hearing to state the commissioners' factual findings and reasoning for the division of the property.

The evidentiary hearing was held on September 8, 2022, at which time Commissioner William Haisten testified and all parties were afforded the opportunity to question him.

Pursuant to an order entered on September 16, 2022, the trial court affirmed the commissioners' report. The court found that the partitioned share of Mr. Green (hereinafter "Plaintiff") was appropriate because, as Commissioner Haisten explained, "much of Plaintiff's parcel is hilly and rocky and another large portion of Plaintiff's parcel is encumbered by a TVA power line easement." The court further noted that, while the three parcels were not equal in area, Commissioner Haisten had testified that "they were equal in fair market value."

The trial court entered its final judgment in this partition action on September 26, 2022. Mr. Hale and Ms. Panter (hereinafter "Defendants") timely filed their notice of appeal on October 13, 2022.

At about the same time, meaning at some point in September or October of 2022, the purported will of Mrs. Hale was found by Mr. Hale.[1] As Mr. Hale explained in his post-judgment testimony, he found the will in September or October of 2022, as it fell out of Mrs. Hale's Bible when he picked it up to use while watching a Sunday morning church service on television.[2] The Bible had been in the Hales' home, on the coffee table in front of his couch, since Mrs. Hale died in March of 2018.

On October 31, 2022, Defendants filed a petition in the probate court to admit the purported will to probate, which is presently the subject of a will contest.

Some seven months later, on May 26, 2023, Defendants filed a motion in this court to consider post-judgment facts, to stay appellate proceedings, and to remand for trial court consideration of a Rule 60.02 motion they wished to file. By order entered on June 12, 2023, this court granted the motion and remanded the matter for consideration of Defendants' Rule 60 relief.

Then, on July 28, 2023, Defendants filed a Rule 60.02 motion in this partition action seeking to "alter, amend, or suspend the judgment [in the partition action] pending the trial of the will contest in probate court." The motion also states that "[a]t some point after the Notice of Appeal was filed herein, Defendant Robert Hale located a document which he believed to be the Last Will of Peggy Louise Hale." Defendants sought to prove that the will which Mr. Hale had found in Mrs. Hale's Bible was her last will and testament, and that, in pertinent part, it had devised the entire 68-tract at issue to Mr. Hale. Thus, Mr. Hale argued that the judgment in the partition action should be set aside once the purported will is admitted to probate because he would be the sole owner of the property.

On remand, the trial court denied Defendants' Rule 60.02 motion on two grounds, finding that Defendants failed to demonstrate excusable neglect and that Defendants did not file their Rule 60.02 motion within a reasonable time. Following the denial of the Rule 60.02 motion, this court regained jurisdiction over this appeal.

## ISSUES

Defendants present three issues for our consideration, which we have consolidated and restated as follows:

1. Did the trial court err by denying Defendants' objections to the commissioners' report and by accepting the commissioners' report over the objection of the

---

[1] The document purporting to be Mrs. Hale's will, which is handwritten, states, "In the event of my death I leave everything to my husband Robert Hale. Peggy L. Hale."

[2] As Mr. Hale explained, his personal Bible was not close to the couch; thus, he reached for Mrs. Hale's Bible, which was sitting on the coffee table in front of him.

Defendants, without sufficient proof of either the value of the property so divided or of the evaluations from which the commissioners derived their partition division?

2. Did the trial court err in denying Defendants relief under Rule 60.02 of the Tennessee Rules of Civil Procedure?

**ANALYSIS**

**I.**

We begin with Defendants' second issue, whether the court erred in denying Defendants relief under Rule 60.02 of the Tennessee Rules of Civil Procedure.

Relief under Rule 60.02 is "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). A motion under the rule "addresses itself to the sound discretion of the trial judge," which is only reviewed by this court for an abuse of discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993).

Rule 60.02 reads in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02.

Upon the motion of Defendants, this court remanded this case to the trial court for the limited purpose of conducting a hearing on Defendants' Rule 60.02 motion "to alter, amend or suspend judgment of partition." The trial court denied the motion, finding that Defendants had failed to demonstrate excusable neglect and finding that Defendants did not file their Rule 60 motion within a reasonable time. Defendants challenge both findings in this appeal.

The facts relevant to this issue are as follows. As stated above, Mrs. Hale died on March 29, 2018. Both Defendants had seen and read Mrs. Hale's holographic will that she wrote while the family was attending a barbecue in 2017. Despite searching for her will following her death, no will was found. Although Defendants both knew the decedent executed a 2017 will, in their pleadings in the partition action, they both alleged that she

- 4 -

died intestate and that under Tennessee's intestate succession law, Mr. Green, Ms. Panter, and Mr. Hale each inherited a one-third undivided interest in the 68-acre tract at issue.

It was not until September or October of 2022, some four and a half years after Mrs. Hale's death, that Mr. Hale found a document that purports to be his wife's will. The purported will devised all of the decedent's property to Mr. Hale. Thus, as Mr. Hale contends, the partition judgment, should it stand, will deprive Mr. Hale of the bulk of the real property he inherits under the will.

Mr. Hale testified that he saw his wife's will when she wrote it during a family barbecue in 2017. He also testified that he did not know where Mrs. Hale kept her will and that he did not find it until 2022, when, as we have mentioned, he picked up her personal Bible, which was positioned on the coffee table in front of Mr. Hale's couch, for the first time since her death while watching a televised church service.

For her part, Ms. Panter testified in the post-judgment proceeding that she also saw her mother write the holographic will at the family barbecue in 2017. Ms. Panter even read the will at that time. Ms. Panter then testified that she did not see the will again until Mr. Hale found it in 2022.

Plaintiff contends, inter alia, that Defendants provided no proof of diligence in attempting to find the will. The trial court agreed, finding that Defendants had presented no proof of reasonable diligence in attempting to find the will and that they had failed to demonstrate excusable neglect in not finding it earlier. In pertinent part, the trial court found: "In their affidavits Defendants do not state what they claim to be the mistake, inadvertence, surprise, or excusable neglect. Nor do they explain why they failed to avoid the mistake." For this and other reasons, the trial court concluded that Defendants "failed to demonstrate excusable neglect." We agree.

We also find that the trial court correctly concluded that Defendants failed to seek Rule 60 relief within a reasonable time of discovering the will. Rule 60.02 motions must be filed "within a reasonable time." *See* Tenn. R. Civ. P. 60.02. Motions based on Rule 60.02(1), as is the case here, must be made "not more than one year after the judgment, order or proceeding was entered or taken." Tenn. R. Civ. P. 60.02. Significantly, the one-year time frame is the "outer limit on the time allowed for filing" such motions. *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 128 (Tenn. 2013) (citations omitted).

A Rule 60.02 motion, even when filed within one year, can be untimely "if the trial court finds, as a matter of fact, that the movant has not acted reasonably and that he could have fairly and reasonably been expected to file the motion much more promptly." *Rogers v. Est. of Russell*, 50 S.W.3d 441, 445 (Tenn. Ct. App. 2001) (quoting *Wooley v. Gould, Inc.*, 654 S.W.2d 669, 672 (Tenn. 1983)). Whether a party has filed a Rule 60.02 motion

within a reasonable time is a question of fact, and each case is determined on its facts and circumstances. *Hussey v. Woods*, 538 S.W.3d 476, 486 (Tenn. 2017).

As has been stated, Mrs. Hale died on March 29, 2018. This partition action was commenced in October of 2020. In July of 2021, the parties stipulated to the appointment of three commissioners. The commissioners' report was filed on February 24, 2022. Following Defendants' objection to the report and the subsequent hearing during which Commissioner Haisten explained the findings of the commissioners, the trial court entered its final judgment in the partition action on September 26, 2022. Notice of appeal was timely filed on October 13, 2022. During this same time period, that being September or October of 2022, Mr. Hale found the purported will of Mrs. Hale in her Bible.

Then, Defendants filed their petition to admit the purported will to probate on October 31, 2022. Although the purported will was discovered in September or October of 2022, Defendants waited approximately ten months thereafter to file their Rule 60.02 motion in the partition action.

The trial court found that Defendants provided no explanation for the delay and that Defendants delayed too long in seeking relief. In reaching this conclusion, the trial court relied on the reasoning set forth in the case of *City of Memphis v. Beale Street Dev. Corp.*, No. W2020-00523-COA-R3-CV, 2021 WL 4282736, at *4 (Tenn. Ct. App. Sep. 21, 2021), wherein this court held that a six-month delay in filing a Rule 60.02 motion after learning of grounds for the motion was unreasonable.

Based on these and other facts, the trial court found that the motion was untimely. We agree.

Considering all of the above, we find no abuse of discretion in the trial court's decision to deny Defendants' Rule 60.02(1) motion. Accordingly, we affirm the trial court on this issue.

II.

Defendants contend that the trial court erred by accepting the commissioners' report over their objection without sufficient proof of either the value of the property as divided or of the evaluations from which the commissioners derived the partition division.

Our statutory scheme provides that "any person having an estate for years in land, as a tenant in common with others, is entitled to partition either in kind or by sale." *Breen v. Sharp*, No. M2016-02415-COA-R3-CV, 2017 WL 5462189, at *5 (Tenn. Ct. App. Nov. 14, 2017) (quoting *Crawford v. Crawford*, No. E2002-00372-COA-R3-CV, 2002 WL 31528504, at *3 (Tenn. Ct. App. Nov. 14, 2002)) (citing *Nicely v. Nicely*, 293 S.W.2d 30, 32 (Tenn. Ct. App. 1956)). "Tennessee law favors a partition in kind over a partition by

sale, and any party who seeks a partition by sale must prove by clear and convincing evidence that an equitable partition in kind is not feasible."[3] *Id.* (citing *Crawford*, 2002 WL 31528504 at *3).

Tennessee Code Annotated § 29-27-101 through § 29-27-313 governs partition proceedings. Specifically, Tennessee Code Annotated § 29-27-101 permits persons owning interests in real property to file suit to partition the property. "Partition suits require the trial court . . . to first determine whether the parties have satisfied the statutory requirements for a partition." *Sitz v. Partin*, No. 01-A-01-9212CH00473, 1994 WL 148656, at *2 (Tenn. Ct. App. Apr. 27, 1994) (citing Henry R. Gibson, *Gibson's Suits in Chancery* § 487 (7th ed. 1988)).

In this case, the parties did not wish to sell the property because they owned adjoining properties, had family ties to the property, or both. Thus, they entered into an agreed order to partition in kind, which the trial court approved.[4]

If the trial court determines that a partition is in order, Tennessee Code Annotated § 29-27-114(a) directs the court to appoint "three (3) commissioners, known by the court or shown to the court to be of good personal character and integrity and knowledgeable in the type of property to be partitioned." Tennessee Code Annotated § 29-27-116 requires the commissioners to "divide the premises and allot the several shares to the respective parties, quality and quantity respectively considered, according to the respective rights and interests of the parties as adjudged by the court."

"A commissioners' report concerning the partition of property is 'in the nature of a special verdict.'" *Sitz v. Partin*, 1994 WL 148656, at *3 (quoting *Burdett v. Norwood*, 83 Tenn. 491, 495 (1885); *Hardin v. Cogswell,* 52 Tenn. (5 Heisk.) 549, 552 (1871)). "The report of commissioners is to be regarded in the light of a verdict of a jury rendered upon a trial at law; and it will be disturbed or interfered with by the Court only upon grounds similar to those on which a verdict would be set aside and a new trial granted." *Hardin v. Cogswell*, 52 Tenn. at 551–52.

---

[3] Tennessee Code Annotated § 29-27-201 lists only two conditions under which a partition by sale is appropriate: "(1) If the premises are so situated that partition thereof cannot be made; or (2) Where the premises are of such description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned."

[4] The trial court made the following findings regarding the agreement to partition in kind instead of selling the property:

> What the Court finds is that really none of the parties want this property sold. Definitely the two defendants, the co-defendants, stated that they want to continue to remain on the property. It's family property, it's been in the family for years. And what the Court heard from the plaintiff is that he wants to live on the property. It's always been his dream, he's had building equipment there for 30 years to build up on the hill.

Because the trial court must treat the commissioners' report as if it were a special jury verdict, then we should do the same. *Sitz v. Partin*, 1994 WL 148656, at *2. Thus, "we will set aside a commissioners' report that the trial court has approved only if there is no material evidence to support it." *Id.* (citing Tenn. R. App. P. 13(d)).

Here, the commissioners' written report provided no facts other than the boundaries and acreage of each of the three parcels as partitioned by the commissioners. Nevertheless, the parties agreed, with the consent of the trial court, to hold an evidentiary hearing during which one of the commissioners would testify concerning the commissioners' report. The agreed-upon hearing was held on September 8, 2022, at which time Commissioner Haisten testified as to the factual basis upon which the commissioners based their decision.

The statement of the evidence approved by the trial court reads in pertinent part:

One of the commissioners, Appraiser Bill Haisten, testified on September 8, 2022 that he and other commissioners, Mr. David Matthews, a surveyor, and Henry Glasscock, a realtor/auctioneer/developer, came up with their own proposed partition attached hereto as Exhibit 3. The Court made one small adjustment to eliminate partition of a small sliver of property owned by Mrs. Panter, finding in its Judgment:

> The Court takes judicial notice that this Court, as well as other local courts in prior cases, have accepted all three commissioners as experts in appraisal of real estate in Hamilton County, in surveying, and in auctioning of real property.
>
> The Court finds that the commissioners' main consideration in partitioning the property was to provide each Party with a parcel that had a fair market value equal to the other two parcels. The commissioners met with the Parties without counsel while inspecting the Property. As a result of the partition, Plaintiff received 32.4 acres, Defendant Hale received 17.8 acres and Defendant Panter received 18.1 acres. The Court finds that this is an equitable partition, because much of Plaintiff's parcel is hilly and rocky and another large portion of Plaintiff's parcel is encumbered by a TVA power line easement. Thus while the partitioned parcels are not equal in area, they are equal in fair market value. Therefore, the Court finds no good cause to set aside the report of the commissioners.

> The Court concludes the commissioners divided the Property equitably, quality and quantity relatively considered, according to the interests of the Parties.
>
> The Court concludes the division of the Property as set forth by the commissioners in their report should be confirmed as modified to restore Defendant Panter's original property line. The commissioners' report/survey as modified is attached hereto as Exhibit A and incorporated herein by reference.

The statement of the evidence further reveals that Mr. Haisten testified that more property was partitioned to Mr. Green for the following reasons:

> 1. Mr. Hale already has a residence on the Property with a driveway and access to Gamble Road.
> 2. Mrs. Panter already had a house surrounded by the Property and also has access to Gamble Road.
> 3. Ms. Panter and Mr. Hale had located a trailer on part of the Property, to be allocated to Mr. Hale, occupied by Ms. Panter's son.
> 4. Mr. Green would have to bear substantial expense of a driveway from Gamble Road to access his property for future use, which will be an additional expense to him, especially to get to the hill on the back of the property.
> 5. The commissioners determined even though there was a TVA easement impairing the value of the parcel partitioned to Mr. Green, such easement could be used to construct a road, although no physical improvements could be constructed in the TVA easement.
> 6. The commissioners also considered the fact that there was an encroachment of the garage and pool of Mrs. Panter on the Property, and they addressed this issue in the proposed partition, as well as the fact that there was a structure (barn) on the common property partitioned to Mr. Hale that was of some value to Mr. Hale, and they were partitioning to Mr. Hale the property where one of the mobile homes had already been located.

As noted earlier, "we will set aside a commissioners' report that the trial court has approved only if there is no material evidence to support it." *Sitz v. Partin*, 1994 WL 148656, at \*2 (citing Tenn. R. App. P. 13(d)). Commissioner Haisten's testimony, which the parties agreed would constitute a supplement to the commissioners' written report, provides a factual basis for the commissioners' reasons for the manner in which they partitioned the property. Thus, there is material evidence that supports the commissioners' report, which the trial court approved. Accordingly, we affirm the trial court's decision to approve the commissioners' report as modified by the trial court.

**CONCLUSION**

For the foregoing reasons, we affirm the decision of the trial court. Costs of appeal are assessed against the appellants, Cynthia Panter and Robert Hale, jointly and severally.

_____
FRANK G. CLEMENT JR., P.J., M.S.